## Lockwood *v.* Drake.

Under R. S. 1838, ejectment must be brought against the person in actual possession of the premises, when they are occupied by any one.

A verdict in ejectment was as follows": "The jury find for the plaintiff, and that the plaintiff is entitled to the possession, during her lifetime, of the one undivided third part of [describing four eighty acre lots, according to the United States survey], except so much of said two last described portions or parcels of land as is contained in the record of the plat of the village of Royal Oak, recorded in record of deeds for said county of Oakland, as the reasonable dower of the said plaintiff in said premises." *Held,*

1st. That the description of the land in the verdict was sufficiently certain, and that it would be good in a declaration.

2d. That although the verdict did not find defendant wrongfully withheld the premises, yet that it was good, as it was intelligible, and no doubt could arise as to what was the intention of the jury.

CASE reserved from Oakland Circuit Court.    Ejectment for dower, commenced on 29th May, 1844.  On the trial, one Cooper testified defendant claimed to be the owner of the land at the time the suit was brought; that previous to October, 1843, witness was a tenant to defendant of a part of the land; that defendant's brother had been in possession of the premises since May, 1843, and had controlled them as his own; and that in the fall of 1843, defendant said he owned the property.    Several other witnesses testified, that at the time the suit was commenced, defendant claimed to own the property; but there was no testimony showing him in actual possession.    The court charged the jury, that if they found the defendant was not in possession of the premises at the time the suit was commenced, they must find for the defendant.    That the plaintiff must bring the suit against the person in actual possession.

The jury rendered the following verdict:

"The jury find for the plaintiff, and that the plaintiff is entitled to the possession, during her lifetime, of the one undivided third part of the west half of the north east quarter of section numbered twenty-one, and east half of the north west quarter of section numbered twenty-

Lockwood v. Drake.

two, in township one north of range eleven east, in the county of Oakland and state of Michigan. Also the west half of the north west quarter of section twenty-two, and the east half of the north east quarter of section twenty-one, in township one north of range number eleven east, in said county; except so much of said two last described portions or parcels of land as is contained in the record of the plat of the village of Royal Oak, recorded in record of deeds for said county of Oakland, as the reasonable dower of the said plaintiff in said premises."

Defendant moved to set aside the verdict, and for a new trial, on the following grounds: 1st. That the verdict of the jury was uncertain and indefinite as to the description of the land, which it did not describe with the certainty required in a declaration. 2d. That the verdict was contrary to the evidence and the charge of the court. 3d. That the jury did not find defendant unlawfully withheld the premises from the plaintiff. Which motion was reserved for the opinion of this court.

*Drake*, in person.

*Hosmer*, for plaintiff.

*By the Court*, WING J.

The 4th sec. of chap. 2, title 3, part 3, of the Revised Statutes of 1838, expressly provides that the action shall be brought against the actual occupant, if the premises for which the action is brought are actually occupied by any one; and in such case the 13th section requires service of a copy of the declaration to be made on such occupant. If not so occupied, the action must be brought against some person exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein, at the commencement of the suit.

The proof shows without a shade of controversy, that defendant's brother was in the actual occupation of the premises claimed at the time of the commencement of the action; that he had so occupied them from May, 1843, and had controlled them as his own. It is in proof, that in the fall of 1843 defendant said he owned the property; and it was proved by other witnesses, that at the time of the commencement of the suit, the defendant claimed to own the property; but there was no evidence to show that defendant was in the actual possession.

There appears not to have been the slightest ground for the verdict of the jury under the charge of the court, (which was undoubtedly correct) and the proof. It was clearly contrary to evidence, and therefore ought to be set aside. Suppose judgment was rendered upon this verdict, could the sheriff deliver possession to the widow? He could not disturb the occupant in his possession, nor deprive him of whatever rights he might have. He may be the owner, as it is said he controlled the land as his own. The occupant is *prima facie* the owner, and until he is made a party he cannot be ejected by a judgment against a person out of possession, claiming title, though no title in him is shown. It does not appear from the testimony who is the legal owner of the premises. The law would have been satisfied if suit had been brought against the occupant, and it does not authorize a suit against any one else, so long as there is an occupant. It says such actual occupant shall be named defendant in the declaration. On this ground we think the verdict should be set aside.

As to the first reason alleged for setting aside the verdict, we are of opinion that the description of the land, as set forth in the verdict, is sufficiently definite, and that it would have been sufficient if so stated in a declaration. The numbers of the lots are given. This complies with the first requisite of the statute. In reference to the lands excepted out of the last two lots, it does not appear they were or had been occupied, or that there were any natural boundaries. The metes and bounds are given, which furnish as accurate a designation as perhaps could be given without inserting a long description, which probably would not enable a surveyor to find the lines any more readily than he could from the description given; "*id certum est quod potest certum fieri.*"

As to the third point: The principles established in the case of Lamberton *v.* Foote, 1 Doug: Mich. R. 102, would appear to be applicable to this case. The verdict is intelligible, and no doubt can arise as to what was the intention of the jury.

*Certified accordingly.*