## Thomas T. Hodson v. Ralph W. Van Fossen.

*Husband and wife: Ejectment: Parties.* Where husband and wife occupy together, as a homestead, lands claimed to belong to the wife, an action of ejectment against the husband alone, to test the validity of a conveyance to the wife, is a fruitless proceeding; the wife not being a party, no judgment respecting the title could affect her rights; and a judgment against the husband could not be the basis for disturbing her possession, or warrant his expulsion from her. The action should be brought against both.

*Heard October 22. Decided October 29.*

Error to Washtenaw Circuit.

*Cutcheon & Allen* and *Henry M. Cheever,* for plaintiff in error.

*C. Joslin,* for defendant in error.

GRAVES, J.

This is an action of ejectment for about eleven acres of

land, situated near the city of Ypsilanti. The premises demanded embrace a parcel of some three acres, having a dwelling house, where Hodson, who was defendant below, resided with his wife.

The only questions in the case relate to this parcel, there being no controversy about the residue. Van Fossen recovered judgment for the whole premises. It was conceded, on the trial, that Mrs. Hodson was in under a deed from Mrs. Van Fossen, wife of the plaintiff below. It also appeared that Mrs. Van Fossen's title depended upon a deed to her by an attorney in fact, empowered by herself and husband to make conveyance. It was not pretended, on any hand, that Hodson, who was defendant, had asserted any other claim or right than such as belonged to him in his character of husband of the person who claimed to be the owner under the deed from the wife of the plaintiff below, and who was in possession. The suit being against Hodson alone, Van Fossen was permitted, against a seasonable objection, to go into evidence that the deed from the attorney to Mrs. Van Fossen had never been delivered, and it is too plain to be disputed, that the real and only object of the suit was to try the validity of that conveyance and obtain an adjudication upon the title of Hodson's wife.

The suit was not rightly constituted for that purpose. Mrs. Hodson, not being a party, no judgment respecting the title could affect her rights, and a judgment against her husband, if of any legal value whatever, could not be the basis for disturbing her possession, or warrant his expulsion from her. The continuance of her right and possession includes the right that her husband may occupy with her, and this cannot be taken away by an ejectment process against him alone. The proceeding was erroneous and fruitless. In cases like the present, where husband and wife occupy together the wife's lands, or lands colorably

belonging to the wife, and the object of an ejectment is to try her title, both should be made defendants. By no other course can the remedy be harmonized with the rights and duties pertaining to the marital relation, and be made subservient to its proper end and purpose.

The judgment must be reversed, with costs of both courts.

The other Justices concurred.