HENRY *v.* GREGORY.

## Mary J. Henry and another v. Edward B. Gregory.

*Bill in equity: Signature of counsel: Solicitors.* The requirement that a bill in equity must be signed by counsel has become obsolete in our practice, under which all solicitors are also counsellors; and a bill signed by a solicitor is not demurrable for want of the signature of counsel.

*Husband and wife: Parties.* A husband may properly join with his wife in a bill to restrain the collection of an illegal tax against lands belonging to the wife, but jointly occupied by both as a home.

*Levy: Presumptions.* A levy upon personal property for the collection of a tax is *prima facie* a satisfaction of the tax.

*Equity jurisprudence: Cloud on title to lands: Taxes: Levy on personalty: Presumptions.* A bill to restrain further proceedings to enforce a tax upon lands cannot be sustained as a bill to remove a cloud from the title to the lands, where a levy has been made upon personal property to satisfy the tax, since presumptively the cloud is already removed.

*Taxes: Sales of personalty: Injunction: Remedy at law.* A bill in equity will not lie to restrain a sale of personal property seized for the collection of a tax, in the absence at least of any showing that the property possessed any peculiar value not capable of compensation in damages; the remedy at law is ample.

*Submitted on briefs January 16. Decided January 29.*

Appeal in Chancery from Livingston Circuit.

*Augustus C. Baldwin,* for complainants.

*D. Shields,* for defendant.

COOLEY, J.

The bill in this case was filed to restrain the collection of a tax alleged to be illegal. The tax was upon lands occupied by complainants, who are husband and wife.

The land is owned by the wife, but was assessed to the husband, and the bill shows that personal property of the husband has been seized and is advertised for sale to satisfy the tax. The bill prays a perpetual injunction to restrain the township treasurer from further proceedings. The defendant demurred, and the demurrer was sustained and the bill dismissed.

The first ground of demurrer is that the bill was not signed by counsel. We think this requirement has become

obsolete in our practice. All solicitors in chancery are also counsellors, and every bill is signed by counsel when it is signed by a solicitor. Whatever reason there may have been for a signing by counsel specifically when this was not the case, can have no force now.

The second ground of demurrer is that the bill is multifarious in that it unites distinct and different causes of action in favor of the two complainants separately. So far as this applies to the remedy they seek, to relieve the land from the apparent lien of tax, we think it not well taken. When the wife is owner of the land, and the husband occupies it with her, living upon it, any remedy that may be sought by them to protect their possession, or which in its final results may disturb their possession, should properly be sought by or against them both. For though the wife may have the exclusive title, the husband has a legal right to occupy jointly with her; and it is manifest there cannot be an adjudication covering the whole case so long as only one of the parties jointly entitled to the possession is before the court. This was the view taken when ejectment was brought to test the wife's title; and as the tax now in dispute can only be enforced as against the land by making a sale of it, and depriving both husband and wife of the right of possession, the reasoning of the case would seem to be applicable here. See *Hodson v. Van Fossen, 26 Mich., 68.*

The further objection that there is an adequate remedy at law, appears to be well taken. A levy has been made on the personal property of Isaac Henry to satisfy the tax. The bill does not show whether or not the levy was sufficient, but in the absence of any distinct allegation on that subject, we cannot assume it to be insufficient. A levy on personal property by virtue of an execution is *prima facie* a satisfaction while it remains in force.—*Farmers' & Mechanics' Bank v. Kingsley, 2 Doug., Mich., 379.* We cannot distinguish that case from this.

The bill, then, cannot be sustained as a bill to remove a cloud from the title to lands, since presumptively the

cloud is already removed.    It is conceded that equity cannot, in general, interfere to restrain a sale of personalty, because the remedy by action at law to recover the value is regarded as adequate.    It is argued in this case, however, that such an action in any particular case might not give adequate redress, because property having to the owner a peculiar value beyond any possible market value which could be established by evidence, might be taken, and as the statute (*Comp. L.*, § *6732*) precludes any suit in replevin to repossess himself of the property, he would, with only the legal remedies, be compelled against his will to submit to a sale of property he would not willingly part with and accept the valuation of others as the price.

We cannot consider an exceptional case of that description until it arises.    The bill before us does not show that the property levied upon possessed any peculiar value, and no reason is suggested why a judgment against the collector for the value will not give the complainant Isaac Henry redress as complete as is given in any other case of trespass to personalty.    This being so, we are constrained to concur in the action of the circuit court dismissing the bill.

The decree will be affirmed, with costs.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.