## Walter Crane v. Frederick L. Seitz and another.

*Transfer of causes: Act of 1789: Statute construed: Time of application.* Under the act of 1789 a cause cannot be transferred from the state court to the federal court where the application is not made until after appearance and plea to the merits.

*Transfer of causes: Act of 1867: Statute construed: Aliens.* Under the act of 1867 a cause cannot be so transferred where the controversy is not one between a citizen of this state and a citizen of another state, but between a plaintiff who is a citizen of this state and a defendant who is also such citizen, joined with another who is a resident alien.

*Transfer of causes.* These statutes contemplate a transfer as to all, or not at all, where there is more than one defendant and when the application proceeds from the defense, and do not authorize a division or splitting up of the case through a transfer on the side of the defense.

*Transfer of causes: Act of 1866: Severance.* Under the act of 1866 a severance and removal is not authorized unless the suit is such that the controversy may be finally determined in the federal court as to the defendant electing to go there, and that too in the absence of his co-defendant.

*Transfer of causes: Ejectment: Severance: Application.* There are many cases where, under our laws, there is a cause of action against two or more defendants in ejectment, whose relations to each other, and to the subject of the suit, are such that it is not possible to proceed and obtain against one, in the absence of the other, a final and effectual determination of the controversy, and where, too, this condition of things would not appear from the pleadings or the record ; and an applicant for severance and transfer of an ejectment suit must therefore make an affirmative showing that the federal court can finally and effectually determine the controversy as to him without his co-defendant.

CRANE *v.* SEITZ.

*Ejectment: Joint defendants: Severance.* It would be impracticable, in case of an ejectment against the actual occupant and another merely incidental party who has been joined as a defendant under our statute, by reason of his privity in estate with such occupant, to work out any final and effectual determination of the controversy as to such incidental party, by pursuing him separately and alone in a distinct jurisdiction.

*Ejectment: Judgment: Pleadings.* The effect of a judgment in ejectment, under our statute, is different from that of such a judgment at common law, and this difference in many cases would make a severance impracticable; and the pleadings are not required to disclose the conditions and relations which go to make up this distinction; and the pleadings in this case, being in the ordinary general form, would not suffice to show whether the case was one in which a severance was admissible.

*Transfer of causes: Application: Showing of facts.* A showing in an application for a transfer, merely by the general statement that the suit is one in which there could be a final determination of the controversy as far as it concerned such applicant without the presence of his co-defendant, is but the statement of an opinion or legal conclusion; such application must state the facts constituting a proper basis for the decision of the court.

*Submitted on briefs October 23. Decided October 27.*

Error to Wayne Circuit.

*Douglass & Bowen, William P. Wells* and *George E. Hand,* for plaintiff in error.

No counsel appeared for defendants in error.

GRAVES, CH. J.

The plaintiff in error brought ejectment in the Wayne circuit court against the defendants in error for certain premises near Detroit. The suit was commenced by declaration in May, 1869, and the defendants pleaded the general issue thereto in the June following. All the parties were and are residents of this state, and the plaintiff and defendant Seitz, it is admitted, were citizens of the United States.

The cause was continued from time to time until November, 1872, when the defendant, Edwin Reeder, separately applied to the court below for a transfer of the cause as to him to the circuit court of the United States for the eastern district of Michigan. The court made the order of

removal, and the plaintiff asks a reviewal of it on writ of error. The case was heard before us on a brief furnished on the part of the plaintiff in error, but the defendants omitted to appear.

The petition stated as the substantial grounds for removal, *first*, that the petitioner Reeder was an alien ; and, *second*, that he had reason to believe, and did believe, that from prejudice or local influence he would not be able to obtain justice in the state court.

In the case of *Crane v. Reeder, 28 Mich., 527,* we had occasion to consider somewhat the design and operation of the acts of congress for the transfer of causes from the state courts, and since that time several cases have appeared elsewhere involving more or less the construction of those laws. Among others we may mention *Cooke v. The State National Bank of Boston, 52 N. Y., 96,* and the *Sewing Machine Case* in *18 Wall., 553.* The drift of opinion in these cases is in harmony with the views we were led to adopt in the case referred to.

In view of the full discussion which has taken place, and especially since the appearance of the case in the supreme court of the United States, reported in *18 Wallace*, the leading features of the acts referred to must be considered as definitely fixed. It would be a waste of time to go over the same ground in every case presented for judgment.

It appears too plain for argument that the suit was not removable under the act of 1789, or under that of 1867. Not under the first, because the application was deferred until after appearance and plea to the merits; and not under the second, because the controversy is not between a citizen of *this state and a citizen of another state*, the plaintiff and Seitz both being citizens of *this state*, and Reeder not being *a citizen at all, though a resident.* There is also the further difficulty, that these laws authorize no division or splitting up of the case through a transfer on the side of the defense. On the contrary, they contemplate a transfer

as to all, or not at all, when there is more than one defendant and when the application proceeds from the defense.

We come then to the act of 1866, and the question is whether, upon the case made for removal, there was any legitimate ground under that law for severing and transferring the cause as to the defendant Reeder.

By that statute a severance and removal is not authorized unless the suit is such that the controversy may be finally determined in the federal court as to the defendant electing to go there, and so determined in the absence of his co-defendant.—*Sewing Machine Case, supra.* This is a fundamental prerequisite to a severance and separate transfer, and the reason for it is too apparent to require discussion.

A removal as to a joint defendant so related or connected with a co-defendant in the controversy that the suit could not be carried to any regular or effectual end as to him in the elected tribunal in the absence of his co-defendant, would be unjust and absurd.

The court below, then, was required to see, before ordering a transfer, that the suit was so situated that the controversy in it as to Reeder was capable of final adjudication in lawful course in the federal court, notwithstanding the retention in the state court of the whole cause as to the co-defendant Seitz.

It is admitted by the plaintiff in error that the court below was entitled to find this out from the record if that were legally possible; and it is also admitted that if it was not discoverable in that way, it was competent for the applicant to establish it by proper proof *dehors* the record. But it is insisted that pursuant to our laws there are many cases where there is a cause of action against two or more defendants in ejectment and where the defendants stand in such attitude to each other and to the subject of the suit, that it is legally impossible to proceed and obtain against one, in the absence of the other, a final and effectual determination of the controversy; and that a suit may be in

this predicament when nothing in the pleading shows it, or the matters which cause it; that consequently when, as in this case, the record does not explain on this subject, the separate applicant for a removal must, it is urged, show affirmatively in some proper way a state of facts from which it will appear that the federal court can finally and effectually determine the controversy, so far as he is concerned, in the absence of the other defendant. We discover no fault in this position.

Under the revision of 1838, when the premises were actually occupied, it was indispensable to make the occupant a defendant; when not so occupied, the action was required to be brought against some one exercising acts of ownership on the premises, or claiming title thereto, or some interest therein at the commencement of the suit.—§ *4, Pt. 3, Tit. III., ch. 2, R. S. 1838 ; Lockwood v. Drake, 1 Mich., 14.*

This provision remains the same, except that now the plaintiff may, if he so elect, unite as defendants, with those who cannot be dispensed with, all persons claiming any title adverse to that claimed by the plaintiff.—*Comp. L.,* § *6207.* See also *Clark v. Hall, 19 Mich., 356.*

Now, it is evident that under this statute one defendant may be actual occupant, and another a person merely in privity with him in estate; in which case the actual occupant, being the indispensable party, and the only one in the way of the plaintiff's taking or getting possession, and the other defendant a merely incidental party, it would be impracticable to work out any final and effectual determination of the controversy as to the latter, by pursuing him separately and alone in a distinct jurisdiction. The foundation of the right to proceed against him would be lost by his severance from his co-defendant, and the plaintiff would be left to get judgment in the other court against the actual occupant, and thereby bind the possession. The effect of a judgment in ejectment under our statute is different from what it is at common law, and this difference, in many cases, must make a severance impracticable.

These conditions and relations, when existing in a cause, are not required to be disclosed by the pleadings.—*Comp. L. 1871*, §§ *6210, 6211, 6212, 6213, 6214, 6224;* and the record shows that in this case the pleadings were in the ordinary general form.

There was, then, nothing in the record to inform as to the true state of the case in this regard so as to enable the court to form a judgment and decide that the cause was a controversy which could be finally determined as to the defendant Reeder without the presence of his co-defendant, and therefore nothing in the record to enable the court to adjudge a transfer.

This complexion of the cause appears to have been recognized by the applicant, because in his petition for removal he stated in terms that the suit was one in which there could be a final determination of the controversy, as far as it concerned him, without the presence of his co-defendant.

He made no explanation, and set up no facts, but rested his application as to this entirely upon such general statement. Was this sufficient? I am clearly of opinion that it was not. The question raised, and the jurisdiction invoked by the application, were extremely important. The proceeding concerned private rights of much consequence, and the jurisdiction of the court, and no adjudication could rightly be made for a transfer except upon a view of matters of fact, which could not be gathered from the record.

The general statement in the petition was in substance and effect the expression only of the petitioner's opinion, and it was far from being a proper basis for decision by the court. Any other view of it would lead to singular results. The breaking up of a pending cause, the ousting of the jurisdiction of the state court, and the investing a federal court, with it, would be left to depend on the willingness or unwillingness of a defendant to swear to a result only ascertainable upon facts not communicated at all. It hardly seems needful to spend time over such a proposition. There can be no legal judgment without some

foundation for it, and where it depends on facts, they must be shown, and the showing must be in some authorized way and shape. Such was not the case here. The facts do not support the judgment, and it must be reversed, with costs.

The other Justices concurred.