SAMUEL T. HENDRICKS v. FREDERICK RASSON.

*Ejectment—Joinder.*

Where ejectment was brought for premises on which was a house, a distinct part of which was occupied by defendant's father, it was *held* proper to join the latter as a defendant, but the action would not fail for non-joinder.

The non-joinder, as a defendant in ejectment, of one who occupies a distinct portion of the premises, only limits the recovery by excluding that portion. Comp. L., § 6206.

It is for the jury to find whether any other person than the nominal defendant is in occupation of part of the premises where such occupancy is alleged in defense to the action.

Error to Wayne. Submitted Oct. 22. Decided Oct. 30.

EJECTMENT brought by Hendricks against Frederick Rasson, for premises upon which, as appeared from the evidence, Rasson's father lived with him in the same house. Defendant had judgment and plaintiff brings error.

*George W. Coomer* and *Atkinson & Atkinson* for plaintiff in error. Servants or members of the family of the occupant of premises against whom ejectment is brought, need not be made parties to the suit, 9 Vin. Ab., 340; 3 Wait's Actions, 81; *Jones v. Webber*, 1 Chip. (Vt.), 215; *Chiniquy v. Catholic Bishop*, 41 Ill., 157; *Shaver v. M'Graw*, 12 Wend., 558; *James v. Stanton*, 2 B. & Ald., 371; but the possession of a servant or tenant is the possession of his master or landlord, 2 Waterman on Trespass, 358; *Lamb v. Swain*, 3 Jones' Law (N. C.), 370.

*Henry M. Cheever* for defendant in error.

COOLEY, J. The circuit judge was under misapprehension when he instructed the jury that the plaintiff could not recover if they found that another person than the defendant was with him in occupation of the prem-

ises. The evidence to show possession in another tended to establish the fact that defendant's father occupied a distinct part of the house. If such was the fact, it would have been proper to join him as defendant (Comp. L., § 6207), but the suit would not fail for the non-joinder. The only effect upon the verdict would be to limit the recovery by excluding that which the father occupied. Comp. L., § 6206. The case bears no resemblance to *Hodson v. Van Fossen*, 26 Mich., 68, where the possession in question was that of husband and wife, and incapable of severance on judicial process.

The case does not show that the father claimed a right to occupy and enjoy the whole land jointly with the defendant; but if it had, the plaintiff would have been entitled to go to the jury on that question. The charge was broad enough to put the plaintiff out of court on the fact—which seems not to have been disputed—that the father occupied a part of the house.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.