## Samuel T. Hendricks v. Frederick Rasson.

*Ejectment—Denial of right—Joinder.*

Where defendant in ejectment had paid what he called full price, several years before suit, for what he supposed to be complete title, and had occupied and cultivated the premises ever since, claiming complete title by the adverse possession of himself and his grantors, and never recognized any right in the plaintiff, his conduct is a sufficient denial of plaintiff's right to warrant the latter in bringing the action, and it is of no importance that, as a witness, he neither admitted nor denied the plaintiff's right.

A defendant in ejectment cannot, for the purpose of defeating the action, rely upon the non-joinder, as defendant, of any person occupying the premises with him under a claim of right that is merely subordinate to and wholly inseparable from his own possession.

A man let his son have money towards buying a farm and lived with him upon it, working all over it, receiving a certain proportion of the crops and occupying certain rooms in his house, exclusively, claiming a right to remain on the premises. *Held* that these facts did not in themselves make it necessary to implead him as a joint defendant with his son in an action of ejectment.

Error to Wayne. Submitted June 20. Decided Oct. 4.

Ejectment. Plaintiff brings error. New trial ordered.

*John Atkinson* for appellant. A father living with his son need not be joined with him as defendant in ejectment: *Jones v. Webber* 1 D. Chip. 215; *Chiniquy v. Catholic Bishop* 41 Ill. 157; *Shaver v. M'Graw* 12 Wend. 558; *James v. Stanton* 2 B. & Ald. 371.

*Henry M. Cheever* for appellee.

COOLEY, J.  Ejectment being brought to recover the undivided five-sevenths of a certain farm occupied by defendant, two principal questions appear to have been made on the trial : *First*, whether there had been any such denial of the right of the plaintiff as would entitle him to institute suit against his co-tenant; and *second*, whether defendant's father was not in joint possession with him so as to be a necessary party.

The evidence bearing on the first question was clear and unquestioned, that defendant purchased what he supposed was the complete title some twelve years before the suit was instituted ; that he paid what he called a full price for it; that he had occupied and cultivated it ever since, and had never recognized the right of the plaintiff.  It also appeared that he was claiming the complete title by the adverse possession of himself and those through whom he derived his title.  It is of no importance under such circumstances that defendant as a witness on the stand neither admits nor denies the right of the plaintiff.  Public proclamation of denial could not be more pointed or decisive than his conduct.

The case was once here before, and we then failed to discover evidence that the father claimed a right to occupy the land jointly with the defendant.  42 Mich. 104.  On the second trial an attempt has been made to give such evidence. What is given fails to impress us as being either satisfactory or ingenuous.  There is no doubt the defendant's father lives with him on his place, and has rooms in his house which are perhaps occupied by him exclusively.  It is claimed that he also works on the farm, on all parts of it, and that the crops are shared with him by agreement in the proportion of one to two.  Why this is done, or on what agreement, the parties are either unable or indisposed to tell.  The father let his son have $160 towards buying the place, but whether he has a share of the crops as interest upon this, or for his labor, or for both together, nobody undertakes to say.  What they do say is, that the father claims a right to remain on the premises.  He claims no

title whatever; he sets up no writing; he does not explain the foundation of his claim. A hired man who was being paid his wages in crops might make the same claim; so might a boarder who was working out his board; so might a parent who was living with and being supported by his child. The most that the evidence in this case tended to show was that the father lived with the son in some capacity that combined the right of laborer and boarder with the natural claim of parent. But there was no claim to any possession except in strict and continual subordination to that of defendant, with the possible exception of the two rooms in the house. The father undoubtedly claims a right as against the son to live with him and have a share of what he produces; and so probably does his mother, if he has one; but that would not entitle her to be made a party defendant. A minor child might set up a similar claim and support it by showing that he worked "all over the place," and had a share of the crops; but so long as his claim was subordinate to and wholly inseparable from the possession of the defendant, the defendant could not rely upon it to defeat an action which did not join the child. We think there was nothing to submit to the jury on this branch of the case, and that a new trial should be had.

The other Justices concurred.