HERBERT H. HOYT v. ALPHONSO J. SOUTHARD.

*Ejectment—Parties—Adverse occupancy.*

1. In ejectment any person in actual occupancy of the premises, and claiming adversely to plaintiff, must be made defendant (How. Stat. § 7791) and the fact that plaintiff has previously recovered against such person makes no difference so long as it does not appear but that the latter is entitled to a new trial. How. Stat. § 7822.

2. Ejectment will lie where defendants' claim of title consists in his having recorded a tax-deed which he has obtained on the premises, un less before suit brought he has notified the holder of the original title that he disclaims any interest and takes steps to disaffirm the apparent claim asserted by such record.

Error to Emmet. (Ramsdell, J.) Nov. 3.—Nov. 11.

EJECTMENT. Defendant brings error. Reversed.

*Jas. J. Brown* and *Benj. T. Halstead* for appellant.

*Herbert H. Hoyt* for appellee.

MORSE, C. J. This is an action in ejectment. On the trial below the plaintiff, without objection, introduced certain deeds showing a chain of title from the United States to himself; also, for the purpose of showing that defendant claimed an interest in the premises, produced and offered in evidence a tax deed from the Auditor General to defendant conveying the lands in controversy with other lands on a sale of lands for delinquent taxes of 1880; said deed dated January 9, 1883, and recorded in register's office for the county of Emmet, January 24, 1883; and then rested his case. The defendant then testified substantially, in his own behalf, that he never claimed and did not then claim any interest in the lands in suit, and had never been in possession of them; never notified any person of any claim of title on his part; that it was claimed and occupied by one William J. Clarke, and a part had been also occupied by George W. Seger; had forgotten having a tax title upon it until suit was

brought; then turned the declaration in the case over to his attorney with instructions to look after it; supposed he placed the deed on record; and also that he was attorney for William J. Clarke in a former suit about the same land.

William J. Clarke, being sworn for defendant, testified that he was in actual possession of the land in controversy, claiming title thereto when the suit was commenced; that his claim of title was the same as before and at the trial of the ejectment suit for the same land between the plaintiff, Herbert H. Hoyt, and himself and George W. Seger as defendants; was living in the township where this land was assessed in 1880, and had sufficient personal property then in his possession out of which the taxes assessed on this land could have been collected.

Plaintiff then introduced proof tending to show the tax deed invalid, and also the files, records and judgment entry in an action of ejectment, wherein Herbert H. Hoyt was plaintiff, and William J. Clarke and George W. Seger, defendants, in the circuit court for the county of Emmet, from which it appeared that the lands therein considered were the same as those involved in the present suit; and that upon the first trial, as appears of record, on the 24th day of August, 1883, the said Hoyt obtained judgment against said Clarke and Seger for the possession of the land, and costs, and that sixty days were granted defendants to settle bill of exceptions.

No further proceedings were shown. Said record, files and judgment entry were received in evidence under the objection of defendant's counsel that they were incompetent and immaterial. The evidence here closed, and defendant's counsel requested the circuit judge to instruct the jury as follows: "(1.) If you find from the evidence that the only assertion of title to the premises made by defendant was the recording of the tax deed, other parties being in possession of same, then you will find for defendant. (2) If you find from the evidence that parties not parties defendant to this suit were in possession of the premises at the time the action was commenced, then you will find for defendant." The

53 MICH—28

court refused to give either of said requests, and instructed the jury to return a verdict for the plaintiff, which they did.

The undisputed facts in this case show that William J. Clarke was in the actual occupancy of the lands in dispute when suit was brought. The plaintiff could not maintain ejectment under the statute without making him a party, as it is shown he claims adversely to plaintiff. The fact of plaintiff having obtained a judgment against him for the land on one trial in August, 1883, can make no difference. He was in possession in November, 1883, when this suit was commenced, claiming the same title as on the trial. It does not appear that his rights in the premises were yet concluded.

It is contended by the plaintiff that, inasmuch as he has a judgment for the possession of the land as against Clarke, his rights were determined, and that under that judgment the sheriff could give possession to the plaintiff; and that the object of the statute requiring the actual occupant to be made a party defendant being only for the purpose of enabling the plaintiff to recover the actual possession, the fact of this former judgment, and his right to remove Clarke under it, is sufficient to excuse him from making Clarke a party defendant in this suit. A defendant, however, in ejectment is not concluded if he sees fit to take a second trial, and there is nothing in this record to show that Clarke has lost his right to such second trial. If no one had been in actual occupancy of the land when he commenced this suit, then the question might arise as to his right to maintain ejectment against the defendant. We think that the recording of a tax deed of this land, even if other lands were included in the same deed, would be sufficient claim of title to warrant the bringing of ejectment against the grantee named in such tax deed, unless he notified the person holding the original title of his disclaimer of any interest in the land before suit brought, and took the necessary steps to disaffirm the apparent claim of title that a recorded deed asserts.

As the case now stands, Clarke being shown in actual possession of the land under an adverse claim to plaintiff, a new trial must be granted, with costs to defendant, and the case

remanded to the circuit court for the county of Emmet for such further proceedings as the parties may desire to take in the premises.

The other Justices concurred.