GEORGE HADDY V. CORNELIA TOBIAS.

*Ejectment—Parties—Occupancy—Husband and wife.*

Under How. Stat. § 7791, which requires the actual occupant to
be made a party defendant in an action of ejectment, a hus-
band and wife who occupy premises, owned by either, as their
home, should be joined as defendants.

Error to Ingham. (Peck, J.) Argued February 27,
1891. Decided April 17, 1891.

Ejectment. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*R. A. Montgomery,* for appellant, contended:

1. A defendant in ejectment cannot, for the purpose of defeating
the action, rely upon the non-joinder as defendant of any per-
son occupying the premises with him, under a claim of right
that is merely subordinate to and wholly inseparable from his
own possession; citing *Hendricks v. Rasson,* 49 Mich. 83.

*Parkinson & Day,* for defendant.

MCGRATH, J. This is ejectment for an undivided one-
fourth of 120 acres of land.

Jacob Haddy died intestate, leaving four children,—
plaintiff, defendant, and two others,—and this farm.
Defendant claimed title under a deed executed by Jacob
Haddy in his life-time, but plaintiff claimed that the
deed, although executed by Jacob Haddy in his life-time,
was by him deposited in the hands of a third party, to
be delivered after his death, and consequently never
passed the title.

H. Tobias was sworn, and testified that he was defend-
ant's husband; that his wife claimed to own the land
under the deed from Jacob Haddy; that he did not claim

to own it, and had nothing to do with it at all; that himself and defendant and their family lived on the farm; that he went to live upon the farm before the death of Jacob Haddy, "under an arrangement with Jacob Haddy;" that he worked the land that his wife had the deed of; that he claimed the right to work it because his wife owned it; that he owned 60 acres of adjoining land, upon which he lived for some 14 years before he moved on this land; that the 60 acres was his homestead; that he had no understanding with his wife about working the farm; that he worked it because it was hers; that he claimed the crops as his, and took them, and did just as he had a mind to with them. No further testimony appears in the record.

The court instructed the jury that the case could not be maintained, because of non-joinder of the husband. This presents the sole question in the case.

It is contended by defendant's counsel that the husband should have been joined because of his homestead rights. But the record does not disclose any claim of homestead rights. Indeed, it appears from the testimony that the husband was the owner of a distinct parcel of 60 acres, which he had occupied for 16 years, and had claimed for his homestead. The value of the land in controversy here is not given, and the quantity is in excess of the amount exempted by statute as a homestead.

But the rule requiring the husband to be made a party defendant in ejectment proceedings does not depend solely upon the assertion of homestead rights. The statute (How. Stat. § 7791) requires the actual occupant to be made defendant; and, where husband and wife occupy premises as their home, the domicile is that of both. Neither can be said to be in the occupation to the exclusion of the other; each having the right to enter the family residence, whichever owns it. The occupancy

is therefore joint, and not severable, and both should be made parties defendant under the statute. *Hodson v. Van Fossen*, 26 Mich. 68; *Henry v. Gregory*, 29 Id. 68, 69; *Rowe v. Kellogg*, 54 Id. 206, 209; *Cleaver v. Bigelow*, 61 Id. 47.

The court was right in directing a verdict for the defendant, and the judgment is affirmed, with costs.

The other Justices concurred.