OREGON SHORT LINE AND UTAH & NORTHERN RAILWAY CO., A CORPORATION, RESPONDENT, V. HYRUM STANDING, COUNTY COLLECTOR OF BOX ELDER COUNTY, APPELLANT.

1. TAXATION.—POOR TAX.—VALIDITY.—REPEALS BY IMPLICATION. —Act of March 8, 1888 (1 Comp. Laws 1888, p. 299, subd. 6), authorizes counties to provide for the care and maintenance of the poor, and empowers the county courts to levy the necessary tax therefor. The General Revenue Act of 1878, 1 Comp. Laws 1888, § 2008, subd. 1, after providing for the amount of other taxes to be levied, authorizes the county courts to levy a tax for "county purposes" not to exceed 6 mills on the dollar. Session Laws of 1890, p. 50, after providing for the amount of other taxes to be levied, authorizes the county courts to levy a tax for "county purposes" not to exceed 3 mills on the dollar. The county court of Box Elder county levied upon the property of the plaintiff in addition to a tax for territorial, county, county school and special school purposes, 3 mills on the dollar as a county tax and 1 mill on the dollar as county poor tax. Plaintiff paid all the taxes except the poor tax, which amounted to $366.04. The county collector levied upon certain rolling stock of the plaintiff and threatened to sell the same to satisfy the poor tax. Whereupon, plaintiff brought this action to restrain the county collector from selling the same. *Held, first,* that the later act repealed the former by implication so far as it provided for a levy of a special tax for the care of the poor. *Second,* that

as the later act provided a limit of 3 mills on the dollar for "county purposes," the county court of Box Elder county exhausted this amount by levying three mills on the dollar for county taxes and that the levy of 1 mill on the dollar for the support of the poor is illegal and void.

2. STATUTORY CONSTRUCTION.—REPEALS BY IMPLICATION.—While repeals by implication are not favored, yet if it is manifest that the legislature intended to limit the powers conferred by a former act and the later act is full and complete legislation on the subject, the later limits or repeals the former by implication.

3. TAXATION.—TAX SALE.—INJUNCTION.—CLOUD ON TITLE.—The collection of an illegal tax by sale of a railroad company's cars will not be enjoined on the ground that a cloud will be thereby cast on the company's realty, though it does not affirmatively appear that the personal property levied on is of sufficient value to pay the tax, as the presumption always is that a levy is sufficient to satisfy the demand.

(No. 477. Decided August 31, 1894. 37 P. R. 687.)

APPEAL from the District Court of the Fourth Judicial District. Hon. James A. Miner, *Judge.*

Action by the Oregon Short Line and Utah & Northern Railway Co. against Hyrum Standing, county collector of Box Elder county, to enjoin him from selling certain personal property for the collection of an illegal tax. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Mr. Nels Jensen* (County Attorney) and *Messrs. Maloney & Perkins,* for appellant.

Cited: Sedgwick Stat. Const. pp. 231-2, 250-8; Vattels Rules, *Id.* p. 269; Cooley on Tax. 264; Dwarris, p. 632. Equity will give no relief in taxation cases where the remedy at law is adequate. *Conley* v. *Chedic,* 6 Nev. 222; *Weaver* v. *State,* 39 Ala. 535; *Dodt* v. *Hartford,* 25 Conn. 232; *McGee* v. *Denton,* 5 Blach. 130; *Railroad Co.* v. *Wheaton,*

7 Kan. 232; *Wells, Fargo & Co.* v. *Dayton*, 11 Nev. 161; *Loan Society* v. *Austin*, 46 Cal. 488. In *Henry* v. *Gregory*, 29 Mich. 67, Cooley, J., says: "A bill in equity will not lie to restrain a sale of personal property seized for the collection of a tax in the absence at least of any showing that the property possessed any peculiar value not capable of compensation in damages, the remedy at law is ample." See *Id.* note 4; also *Youngblood* v. *Sexton*, 32 Mich. 406, and *Hagenbuck* v. *Howard*, 34 Mich. 1.

*Mr. P. L. Williams* and *Mr. D. B. Hempstead*, for respondent.

Municipal corporations have only such powers as are granted them either expressly or by necessary implication. Cooley on Tax. (2 ed.) 276. All former laws on the subject were repealed by Session Laws 1890, p. 50, which provides that county courts may levy for county purposes "not to exceed three mills on the dollar." The county court having exhausted this amount by a levy of three mills for county taxes, had no authority to levy the additional one mill as a poor tax. The tax is not only a lien on the personalty but also on the realty, and the realty may be resorted to ultimately for the collection of the tax. If the tax is illegal a cloud on the title appears on the face of the bill since the plaintiff alleges it owns both real and personal property in said county. Equity has jurisdiction to enjoin the collection of an illegal tax which would throw a cloud on title to realty. 2 Dillon Mun. Corp. §§ 923–4; High on Inj. (2 ed.) §§ 502, 524, 538; Cooley on Tax. (2 ed.) pp. 761–2; *Cummings* v. *National Bank*, 101 U. S. 153; *Union Pac. Ry. Co.* v. *Cheyenne*, 113 U. S. 516; *Bramwell* v. *Guheen*, 29 Pac. Rep. 110; *Ill. Cent. R. R. Co.* v. *Hodges*, 113 Ill. 323; *Griswold* v. *Pelton*, 34 O. St. 482, p. 490; *Kerr* v. *Wooley*, 3 Utah,

466. Equity will restrain a sale of personalty under an illegal tax levy and especially when the tax may become a lien on realty and so cloud the title. Cooley on Tax. (2 ed.) pp. 773–4 and note; *Holland* v. *Mayor of Balt.*, 69 Am. Dec. 195, see also note, p. 198; *Lewis* v. *Spencer*, 23 Am. Rep. 619 and note, p. 622; *Scofield* v. *City of Lansing*, 17 Mich. 437; *Marquette* v. *Marquette*, 35 Mich. 504; *Merrill* v. *Humphrey*, 24 Mich. 107; *Lenawee Bank* v. *City of Adrian*, 33 N. W. R. 304 (Mich.); *Folkerts* v. *Power*, 42 Mich. 283; *Gates* v. *Barratt*, 79 Ky. 295; *Foote* v. *Linck*, 5 McLean C. C. 616; *Spencer* v. *Wheaton*, 14 Ia. 36; *Magruder* v. *City Council*, 12 S. E. R. 587 (Ga.); *City Nat. Bank of Paducah* v. *City of Pa.*, 2 Flippin C. C. 61. Equity will restrain the collection of a tax in order to prevent the destruction of a franchise. *Virginia Coupon Case*, 114 U. S. 311; *North Pac. Rwy.* v. *Carlin*, 3 Pac. Rep. 134, pp. 161–2; *Lenawee Bank* v. *City of Adrian*, 33 N. W. R. 334; *Osborn* v. *U. S. Bank*, 9 Wheat. p. 846. Plaintiff has paid the legal tax and only seeks to enjoin the illegal tax. High on Inj. (2 ed.) §§ 497, 551.

SMITH, J.:

This is an action begun by the plaintiff in the court below to enjoin the collection of a tax levied in the county of Box Elder, amounting to the sum of one mill on the dollar of the plaintiff's taxable property, the same being levied as a tax for the support of the indigent poor of said county. The total amount of the tax which was claimed to be illegal is $366.04. The plaintiff paid the taxes levied upon its property other than the one-mill tax levied for the support of the county poor. The complaint alleged that plaintiff was the owner of a railway track in Box Elder county, also of the engines, cars, and other property used in and about the running and operation of its railway; that its property was assessed in the year 1893

at the total assessed valuation of $366,039.90, in that county; that the total taxation, territorial, county, and county school taxes, and special school taxes levied on such property in Box Elder county, was $4,855.66; that, in addition to the tax levied by the statute for territorial school purposes, the county court of Box Elder county also levied upon the property of the plaintiff three mills on the dollar as county taxes, two mills on the dollar as county school tax, and one mill on the dollar as county poor tax. It is this latter tax which is complained of. It is further alleged that there were special school taxes levied within certain school districts within the county. The complaint then alleges that the county court was authorized by law to levy taxes for all county purposes whatsoever, not exceeding three mills on the dollar, and that the levy of said tax of one mill on the dollar for a county poor tax, in addition to the three mills for county purposes, was in excess of the powers of the county court, and void. Then follow an allegation as to the payment of the legal taxes and a statement of the amount of the illegal tax.

It is then alleged that the defendant is county collector, and, as such officer, claims and demands payment from the plaintiff of the sum of $366.04, being the amount alleged to be excessive and illegal; that the plaintiff had refused to pay the taxes, and that the same had not been paid; that the defendant, in consequence of such refusal, and for the purpose of collecting such illegal tax, and without any other authority, on the 10th of December, 1893, seized and levied upon certain cars belonging to the plaintiff, and advertised the same for sale. It is also alleged that, unless the defendant is restrained, he will sell the property. The court below granted the restraining order and order to show cause. The defendant appeared, and demurred to the complaint—*First*, that the

complaint shows on its face that the county court of Box Elder county had power and authority to levy the tax of one mill on the dollar to provide for the care and maintenance of the indigent sick or otherwise dependent poor in said county; *second,* that the complaint shows on its face that the county court had authority to levy a property tax in addition to the tax for general county purposes; *third,* that said complaint shows on its face that plaintiff had a full, speedy, and adequate remedy at law; *fourth,* that the complaint does not state facts sufficient to constitute a cause of action. The court, upon hearing, overruled the demurrer; and the defendant refusing to answer, and having elected to stand upon the demurrer, the court entered judgment in favor of the plaintiff, and against the defendant, making the injunction perpetual, and taxing the costs of the action against the defendant. The defendant reserved the proper exceptions to the ruling, and brings the case here for review.

The first question presented is whether or not the county court had authority to levy the tax complained of. Section 2008, subsec. 1, p. 719, 1 Comp. Laws 1888, provides: "There is hereby levied, and directed to be assessed and collected annually, beginning with the year 1878, an *ad valorem* tax on all the taxable property in the territory of Utah, as follows: Three mills on the dollar for territorial purposes; three mills on the dollar for the benefit of district schools; and such sum as the county courts of the several counties may designate for county purposes, not to exceed six mills on the dollar." This section, however, was amended by the act of 1890 (page 50, Sess. Laws 1890), and made to read as follows: "That there is hereby levied and directed to be assessed and collected annually, beginning with the year 1890, an *ad valorem* tax on all taxable property in the territory of Utah as follows: Two mills on the dollar for territorial

purposes, three mills on the dollar for district school purposes, such sums as the county courts' of the several counties may designate for district school purposes in such counties not to exceed two mills on the dollar and such sums as the county courts of the several counties may designate for county purposes not to exceed three mills on the dollar."

This language would seem to be quite clear, and to permit of no doubt that the limit of taxation for county purposes other than district school purposes was three mills; but the appellant contends, however, that this is limited or modified by section 187, subsec. 6, p. 299, 1 Comp. Laws 1888, which provides, among other things, as follows: "The county courts in their respective counties have jurisdiction and power under such limitations and restrictions as are prescribed by law to provide for the care and maintenance of the indigent sick or the otherwise dependent poor, transients and residents of the county, erect, and officer and maintain hospitals and poor houses in their discretion therefor, or otherwise provide for the same; and for such purposes annually at the time appointed by law for the levying of taxes for county purposes to levy the necessary property tax therefor." This act was passed March 8, 1888, and was in operation at the time of the passage of the act of 1890 (page 50), above quoted. The question is, does the term "county purposes," in the act of March, 1890 (page 50, Laws 1890), include the support of the indigent, sick, or otherwise dependent poor of the county, or does it only include other county purposes?

It will be observed that the law, since 1878, has permitted the county to levy a tax not to exceed six mills on the dollar for county purposes. The law of 1890 limited this to three mills for county purposes, and two mills or less for the benefit of the district schools of the county. This act having been passed after the act which authorizes

the county court to levy a tax especially for the benefit of the indigent, sick, or otherwise dependent poor, and seeming to be full and complete legislation on the subject, in our opinion limits or repeals section 187, subsec. 6, p. 299, 1 Comp. Laws, so far as it provides for the levy of a special tax for that purpose. While repeals by implication are not favored, we think that it is manifest that the legislature intended to limit the power of the county court to levy taxes by the act of 1890, and that that limitation is three mills for county purposes other than school purposes, and two mills for school purposes. We are of the opinion, therefore, that the levy of the additional tax of one mill on the dollar, in addition to the three-mill levy for county purposes, which was made by the county court of Box Elder county for the support of the poor in that county, was illegal and void.

This brings us to the consideration of the remaining question, has the plaintiff sought the proper remedy by endeavoring to enjoin this tax? In *Dows* v. *City of Chicago*, 11 Wall. 110, the supreme court, in passing upon this question, say, speaking of injunctions against tax collectors: "No court of equity will therefore allow its injunctions to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law. It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or, where the property is real estate, throw a cloud upon the title of the complainant, before the aid of a court of equity can be invoked." Mr. High, in his excellent work on Injunctions, at section 492, says: "A tax will not be enjoined because of its alleged illegality when it is not shown that its enforcement will lead to a multiplicity of suits, or produce irreparable injury, or throw a cloud upon the title to real

estate; and it is not sufficient ground for relief to allege that the tax sale, if allowed to proceed, would involve the owner of the property in litigation with purchasers." The same author, at section 496, says that "the unconstitutionality of a tax, or of the law under which it is imposed, * * * does not justify relief by injunction against its enforcement. The collection of the tax under such circumstances is regarded as a simple tort or trespass, susceptible of compensation in damages at law; and, since relief by injunction against a tort rests wholly upon the inadequacy of the legal remedy, the fact that the law under which the defendant is about to proceed in the collection of the tax is unconstitutional and void will not justify a court of equity in extending relief by injunction." The supreme court of Michigan, in the case of *Henry* v. *Gregory,* 29 Mich. 68, which seems to be a case analogous in every point to the one at bar, says: "A bill in equity will not lie to restrain the sale of personal property seized for the collection of taxes, in the absence, at least, of any showing that the property possessed any peculiar value not capable of compensation in damages. The remedy at law is ample."

It is contended by the respondent that, while the property levied upon is personal property, still there is no showing that it is sufficient to pay the tax; and that there may be a residue unpaid, which would be a cloud upon the real estate; and that, therefore, the case comes within the authorities above cited. The answer to this proposition is found in the opinion in *Henry* v. *Gregory, supra,* delivered by Cooley, J., where the following apt language is used by that eminent jurist in passing upon this question: "A levy has been made upon the personal property of Isaac Henry to satisfy the tax. The bill does not show whether or not the levy was sufficient, but, in the absence of any distinct allegation on that subject, we cannot

assume it to be insufficient. A levy upon personal property by virtue of an execution is *prima facie* satisfaction while it remains in force,"—citing *Bank* v. *Kingsley*, 2 Doug. (Mich.) 379. We cannot distinguish that case from this. Judge Cooley then proceeds: "A bill cannot be sustained as a bill to remove a cloud from the title to lands, since, presumptively, the cloud is already removed. It is conceded that equity cannot interfere to restrain the sale of personalty, because the remedy by action at law to recover the value is regarded as adequate." We think that this answers the suggestion of the respondent that there may be a residue of the taxes which would be a lien or cloud upon the title to the real property. There is no reason shown in the bill why the plaintiff should not have paid to the collector the amount of the tax claimed to be illegal, under protest, and have brought a suit at law to recover it back. This would have been a perfect remedy; and, if unable to raise the money to pay the tax, the property levied upon was only personal property, and a suit to recover its value would have afforded an ample remedy. For this reason, we are of the opinion that the court erred in overruling the demurrer to the complaint. The judgment of the court below is reversed, and the cause remanded to that court, with instructions to sustain the demurrer to the complaint; the costs in this court to be taxed against the respondent.

MERRITT, C. J., and BARTCH, J., concur.