### BOARDMAN v. SAUNDERS.

DOWER—EJECTMENT TO ESTABLISH.

* Plaintiff was entitled to dower of the value of $8.20 in a city lot.    Before bringing suit, her attorneys examined the record, ascertained that defendants S. and M. owned the record title, that defendant B. was their tenant in possession.    They asked S. and M. if they were still the owners of the title.    S. and M gave evasive answers.    In fact, S. and M. had conveyed their title to M.'s husband some months before, but the deed had not been recorded.    *Held*, that this was a sufficient claim of title to maintain ejectment, and that S. and M. were liable for the value of the dower.

Error to superior court of Grand Rapids; Newnham, J. Submitted April 2, 1901.    Decided April 16, 1901.

Ejectment by Mary L. Boardman against Louis B. Saunders, Julia E. R. McCarthy, and Charles H. Blow. From a judgment for defendants, plaintiff brings error. Reversed.

---

* Head-note by GRANT, J.

*C. H. Gleason*, for appellant.

*Burlingame & Belden*, for appellees Saunders and Mc-Carthy.

GRANT, J.    This is a suit in ejectment to recover dower in a city lot.    By stipulation it was conceded that plaintiff was entitled to dower, and that its value was $8.20.    At the time suit was brought, the title of record was in defendants Saunders and McCarthy.    Defendant Blow was a tenant in possession.    The defense of Saunders and Mc-Carthy was that they had deeded the land to one Joseph P. McCarthy, the husband of defendant Julia, before suit was brought.    The deed was not recorded until about three months after suit.    Plaintiff was only made aware of this deed upon the trial.    Blow had been a tenant of his co-defendants for some time, and plaintiff had no information or knowledge that he had attorned to Mr. McCarthy.    For some time prior to bringing suit, negotiations had been pending between plaintiff's attorneys and the defendants Saunders and McCarthy in regard to a settlement of plaintiff's claim of dower.    Just before commencing suit, one of plaintiff's attorneys inquired of both Saunders and Mrs. McCarthy if there had been any change in the title.    The attorney testified that Mr. Saunders told him they still owned the property.    Mr. Saunders testified:

"I never told him I owned the property or anything. In fact, I did not tell him anything regarding it.    He asked me a number of questions, but I answered them without saying anything."

Mrs. McCarthy testified that the attorney "asked me some questions, but I responded that I did not care to talk about the matter."    The attorney testified that he asked Mrs. McCarthy if there had been any change made in the estate in any way, and she replied she did not care to say anything about it.    This was a sufficient assertion of title upon which to base the action of ejectment.    Plaintiff

found them the owners of the record title.   When asked, in substance, if they still owned it, they declined to answer.   It was their duty then to speak.   Whether they should have entered a disclaimer in the suit we need not determine.   The case falls directly within the case of *Hoyt* v. *Southard*, 58 Mich. 432 (25 N. W. 385).   In that case the defendant had placed a tax deed upon record, had never been in possession, and testified that he did not claim any interest.   We there said:

"We think that the recording of a tax deed of this land, even if other lands were included in the same deed, would be sufficient claim of title to warrant the bringing of ejectment against the grantee named in such tax deed, unless he notified the person holding the original title of his disclaimer of any interest in the land before suit brought, and took the necessary steps to disaffirm the apparent claim of title that a recorded deed asserts."

If the owner of a tax title should disclaim under the circumstances of that case, certainly the owners of the original title should disclaim when they are expressly asked if they are still the owners, and know the purpose of the inquiry.   It is immaterial that the conveyance by the defendants Saunders and McCarthy was made in good faith, and for a valuable consideration.   The judge should have found, as requested, that defendants Saunders and McCarthy were liable.

The judgment will be reversed as to them, and entered in this court for the plaintiff against the three defendants, with the costs of both courts against the defendants Saunders and McCarthy.

The other Justices concurred.