## FARRAND *v.* KAVANAUGH.

1. EJECTMENT—PARTIES—TITLE.
> Notwithstanding, by statute (3 Comp. Laws, § 10950), the question of title, set up by one not in possession, may be tried in an action of ejectment, it is still a possessory action, and the person in possession is a necessary party.

2. SAME—AMENDMENT—WAIVER.
> A defendant in an action of ejectment, who objects to an amendment to the declaration adding another as a defendant, but afterwards accepts the costs awarded at the time the amendment and continuance were granted, waives the objection.

3. SAME—JURISDICTION—WAIVER—PARTIES.
> A defendant in an action of ejectment, who appears and pleads to the merits, waives any objection to the jurisdiction of the court based on the ground that he was made a party by an amendment to the declaration.

Case made from Branch; Yaple, J. Submitted October 8, 1902. (Docket No. 14.) Decided March 23, 1903.

Ejectment by Olivia C. Farrand against Francis Kavanaugh and Morris Kavanaugh. There was a judgment for plaintiff, and defendants assign error. Affirmed.

*Reynolds & Reynolds,* for appellants.

*John B. Shipman* and *Mark S. Andrews,* for appellee.

HOOKER, C. J. The land in dispute is a strip 2 rods in width, and is alleged to be the west portion of an 80-acre lot described in the declaration. The action is ejectment, brought by the owner of the 80-acre parcel to recover the strip from the owner and occupant of an adjoining parcel. Said owner is Francis Kavanaugh, and when the action was commenced he was the sole defendant. The introduction of the plaintiff's proof developed the fact that he purchased and owned the farm adjoining the land of the plaintiff, but that his son had gone upon the land at the time of the purchase by his father, and had occupied it thereafter up to the time of trial, together with the disputed strip. Thereupon counsel for the plaintiff moved to amend the declaration by making the son, Morris Kavanaugh, a party defendant, which motion was granted, and the amendment made, upon payment of $60 costs to defendant Francis Kavanaugh, and the cause was continued. Counsel for Francis Kavanaugh accepted and receipted for the costs for witness fees expended at said term, and Morris Kavanaugh came in and filed a plea of the general issue. Upon the trial the plaintiff recovered, and the only question before us is whether the court had jurisdiction to permit the amendment to the declaration, making Morris Kavanaugh a party.

It is fundamental that ejectment is a possessory action, and at common law lay only against the party in possession. Our statute (3 Comp. Laws, § 10950) permits it to be used to try the question of title set up by one not in possession, but in such case the person in possession, if there be such person, is a necessary party. *Lockwood* v. *Drake,* 1 Mich. 14; *Crane* v. *Seitz,* 30 Mich. 453; *Hoyt* v. *Southard,* 58 Mich. 432 (25 N. W. 385); *Haddy* v. *Tobias,* 85 Mich. 326 (48 N. W. 499). The jurisdiction of the court over Francis Kavanaugh was clear, though, under the testimony that one not made a party was in possession, the plaintiff might not have been able to recover. To say that for that reason the court had no jurisdiction, and its proceeding was void, would be to

make the question of jurisdiction depend upon the proof adduced upon the trial. See *Peninsular Sav. Bank* v. *Ward*, 118 Mich. 98 (76 N. W. 161, 79 N. W. 911).

The important questions before us are: *First*, is the judgment erroneous against Francis for the reason that Morris was made a party defendant? And, *second*, is it erroneous as to Morris? This action was begun by declaration, and before judgment the trial was abandoned, and an order taken by plaintiff permitting her to bring in another and a proper party. A new declaration was filed, in which both were named as defendants, and this was served on Morris, and perhaps upon both. Thereupon Morris pleaded the general issue, and Francis having received some $60 costs, payment of which was a condition of the amendment, the parties proceeded to trial; no objection being made by either. It has been supposed that, as a general rule, new parties cannot be brought in by amendment in actions of tort; but we have no doubt that it might always have been done by stipulation, and that, where there is a clear waiver of objection, an irregularity in bringing them in is waived.

In this case Morris Kavanaugh did not plead in abatement. On the contrary, he pleaded to the merits and went to trial; and the point was not raised on his behalf until after judgment, though he employed the same attorneys who were already conducting his father's defense. On the other hand, while Francis opposed the amendment, he afterwards accepted payment of the costs under the order, and went to trial without further objection. It is true, as counsel state, that he could not review the order until after final judgment (see *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge*, 114 Mich. 417 [72 N. W. 249]); but the point was, like many other interlocutory questions, subject to waiver. Thus one who pleads in abatement must usually stand on the judgment, and he cannot plead to the merits without waiving his objection to the jurisdiction. In the present case the defendant Francis Kavanaugh saved the point when the order was made, but by

afterwards accepting payment under the order he waived it. Counsel for the defendant admit the rule, but urge that this case falls within a recognized exception, viz., that, where the benefit taken could not be affected by a reversal of the judgment or order, the appeal is not waived. To bring this case within the exception, we must be able to say that, in any event, the defendant must necessarily recover the costs of the first trial. If this amendment was erroneous, the plaintiff would still be entitled to try her case against Francis Kavanaugh. Defendant's right to these costs would depend on the result, and that result would, in turn, be affected by the proofs regarding the alleged possession of Morris. We cannot say that the plaintiff is concluded by the testimony on the first trial, nor by the motion to amend, which may have been a precautionary measure. It becomes unnecessary to decide whether a new party may be brought in by amendment in such a case as this, against objection, and we express no opinion upon it.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.