CARBY *v.* COMBS.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—BRIEFS.
   Records on error should contain a detailed assignment of the errors on which the appellant relies; and the same should be properly indexed; and it is incorrect practice to assign error on objections by number in the record without indicating the nature of the objection made, or the page on which the exception may be found. Circuit Court Rule 47e, Supreme Court Rule 40.

2. SAME—BRIEFS—STATEMENT OF FACTS—SUPREME COURT PRACTICE.
   The requirement that appellant shall make a statement of facts, is not met by a statement of disconnected excerpts from the testimony.

3. Homestead—Parties—Ejectment.

In an action of ejectment, to recover possession of premises which a husband and wife claim to occupy as a homestead, the husband is a necessary party, notwithstanding that the wife alone has title to the premises.

Error to Van Buren; Des Voignes, J. Submitted January 11, 1911. (Docket No. 73.) Decided March 31, 1911. Rehearing denied September 29, 1911.

Ejectment by Goldie Carby and Vera Carby against Sadie Combs. Judgment for plaintiffs. Defendant brings error. Reversed.

*Barnard & Lewis*, for appellant.

*Thomas J. Cavanaugh*, for appellees.

McAlvay, J. This is an action of ejectment brought by plaintiffs to recover possession of a certain strip of land 18 feet wide, described in the declaration as the north 18 feet of lot 5, block 3, Phelps' addition to the village of Lawrence, in Van Buren county. This strip of land lies between the lots belonging to these parties, and is claimed by both of them. Defendant, Sadie Combs, is a married woman, who owns the premises next north of this disputed strip, and occupies the same, together with her husband, as a homestead. The jury found in favor of the plaintiffs, and judgment was duly entered upon the verdict. Defendant has brought the case to this court for review upon writ of error.

For the purpose of correcting a practice in making up the records and briefs in cases brought to this court for review, which is becoming entirely too frequent, attention is called to the fact that in many cases in preparing the assignments of error in the record and the statement of facts in the briefs the requirements of Circuit Court Rule 47*e* and Supreme Court Rule 40 are practically disregarded. The former provides that "a detailed assignment of all the alleged errors upon which the appellant

proposes to rely " shall accompany a bill of exceptions, and the latter, that " the brief of a party bringing a cause to this court shall contain a clear and concise statement of facts distinct from the argument," etc. Thirty errors are assigned in this case, of which the following is a sample of all except two:

(1) "The court erred in overruling the objection of defendant's counsel and numbered (1) on the margin of the record."

No inkling is given of the nature of the objection or the page upon which it is to be found. The 145 pages of the record must be examined to locate the margin upon which "(1)" appears. The appellant's statement of facts covers six pages, of which all but one are devoted to disconnected excerpts from the testimony, and the brief of the appellees is subject to the same criticism, and does not comply with the rule, in pointing out wherein the first statement is insufficient or inaccurate. It is the intention of the court to find some means to induce those who are delinquent in this respect to bear in mind that the requirements of the rules must be respected.

The principal contention relied upon by defendant and claimed as error is the refusal of the court to direct a verdict for her, on the ground that the premises next north of the disputed strip, of which said strip was claimed to be a part, were occupied by defendant and her husband as a homestead, and the husband was not made a party defendant to proceedings.

The court must accept this as the bona fide contention of defendant, although the record seems to disclose that a claim was made inconsistent with it, *i. e.*, that the husband alone was occupying this strip. Defendant must be bound by the theory upon which she defended, and that was that this strip was in fact a part of the lot which she owned, and upon which she resided with her husband as a homestead. We are of the opinion that the court was in error and should have granted the motion.

The case is controlled by the case of *Haddy* v. *Tobias*, 85 Mich. 326 (48 N. W. 499).   This court in that case held:

" The statute (citing it) requires the actual occupant to be made defendant, and, where husband and wife occupy premises as their home, the domicile is that of both. Neither can be said to be in the occupation to the exclusion of the other; each having the right to enter the family residence whichever owns it.   The occupancy is therefore joint and not severable, and both parties should be made parties defendant under the statute."

The court cited and relied upon the following cases: *Hodson* v. *Van Fossen*, 26 Mich. 68; *Henry* v. *Gregory*, 29 Mich. 68, 69; *Rowe* v. *Kellogg*, 54 Mich. 206, 209 (19 N. W. 957); *Cleaver* v. *Bigelow*, 61 Mich. 47 (27 N. W. 851).

The court should have directed a verdict.

The judgment is reversed and set aside, and record remanded.

MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.