## William S. Seaman v. William O'Hara.

*Evidence : Written contract : Subsequent parol contract.* A parol arrangement of
a character not required to be in writing is not objectionable upon the ground
that it varies a prior written contract on the same subject; the written con-
tract and the subsequent oral contract may both be valid so far as they are
not inconsistent; and to the extent that they are inconsistent, the one latest
in time will control.

*Practice : Offer construed : Agreement : Consideration.* Where an offer to show
such subsequent parol contract has been rejected, the error is not cured because
the offer did not expressly include a proposal to show that such contract was
upon a sufficient consideration; an offer to show an agreement is to be under-
stood as a proposal to prove all that is requisite to make the agreement
sufficient in law.

*Heard January 16. Decided January 29.*

Error to Calhoun Circuit.

*T. G. Pray,* for plaintiff in error, was stopped by the court.

*Brown & Patterson,* for defendant in error.

COOLEY, J.

This suit was brought to recover a certain sum paid by
plaintiff on a mortgage given by defendant and covering
premises which defendant had afterwards sold to plaintiff.
The deed which defendant gave the plaintiff contained a
covenant which plaintiff claimed made defendant liable to
pay any sum owing upon the mortgage beyond a certain
sum which was specified, while defendant, on the other
hand, insisted that he conveyed subject to the payment by
plaintiff of the whole mortgage. The plaintiff did in fact
pay the whole, but then brought suit in assumpsit on the
common counts to recover from defendant the sum which
he claimed the latter should have paid.

On the trial plaintiff sought to prove an understanding
between himself and defendant at the time the deed was
given that any sum owing on the mortgage beyond the sum
named in the deed should be paid by defendant. The

evidence for this purpose was rejected.   He then offered to prove that in a business transaction between the parties several months afterwards, the defendant agreed to make such payment, but this offer was also rejected.

The ground of the rejection appears to have been that the proposed evidence tended to vary and contradict the written evidence of the contract between the parties. But this objection is only applicable to evidence of oral understandings contemporaneous with the writings.   Parties who have made contracts may vary them afterwards as much as they please, and if the nature of their agreements is not such that the law requires them to be in writing, the fact that a previous arrangement relating to the same subject, and which would be varied by the new contract, was in writing, cannot make it imperative that the new contract should be reduced to writing also.   The written and the oral contract thus made at different times may both be valid so far as they are not inconsistent, and when they are inconsistent, the one latest in time will control.

It was suggested in this court that the proposition of the plaintiff did not go far enough, because there was no offer to show any consideration for the subsequent arrangement, and consequently it might have been mere *nudum pactum.*   But where a party offers to show an agreement, it is to be understood that he proposes to prove all that is requisite to make the agreement sufficient in law.

The judgment must be reversed, with costs, and a new trial awarded.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.