Campbell, J.:
Complainant filed Ms bill to foreclose a mortgage made August 13th, 1868, by defendants Shoemaker and wife to Andrew Leman, for thirteen hundred dollars and interest at six per cent., in four annual installments, and assigned by *Leman to complainant. The decree was for the last two installments and interest. Marietta Livingston appeals, as a purchaser of the land subject to the incumbrance,
The defenses on which she relies arose out of the consideration for the mortgage. It was given in settlement of two notes, executed and payable in Canada, on which Shoemaker was liable. In the settlement the amount was fixed by allowing the current premium on gold, which was then forty-five per cent. In addition to this debt, which was nine hundred and twenty-four dollars, a further advance was to be made of three hundred and seventy-six dollars in United States currency, and this made up the amount of the notes. The two Canadian notes were to be delivered up to Shoemaker, and one ground of appeal is, that this was not done. The decree in this case required a bond of indemnity to be given to Shoemaker, which has been done, and he has not appealed. As this defense concerned no one but himself, the appellant cannot rely upon it, and we need not consider it.
The main defense rests on the alleged inequitable character of the settlement, and on an alleged parol agreement that the mortgagor might, when making payments, be allowed the benefit of any fall in the price of gold, so as to stand on the footing of a contractor to pay in gold the original sum due, instead of paying in currency the sum commuted.
There can be no question of the validity of the mortgage for the value of the sum due in gold in August, 1868. A debt due in Canada was payable in the current money of Canada, which was then on a gold basis, and the allowance of the premium was necessary to make the payment adequate. — Black v. Ward, 27 Mich., 191.
We think the evidence does not show any agreement that Shoemaker should have the benefit of any future decline in gold. Such an arrangement, without a corresponding agreement to *441 give the mortgagee the benefit of a rise, would be very-unlikely. ' But it is sufficient to say, that the ^parties reduced their agreement to writing, and not only made the debt payable in fixed sums in American currency, but also made a collateral agreement in writing, in which no reference is made to any such understanding, which could hardly have been omitted if existing. Parol evidence cannot be admitted to change these writings, even if it proved an actual agreement, which we think it did not.
No other defense is suggested in which the appellant is concerned, and we think the appeal is without foundation. It is questionable how far she is concerned in some of the points argued, had the facts been otherwise.
The decree must be affirmed, with costs.
The other Justices concurred.