FLORENCE V. ROWE v. JOSEPH E. KELLOGG ET AL.

*Dissolution of attachments—Husband's interest in wife's land occupied by the family—Certiorari.*

1. The powers of a circuit judge, in a collateral proceeding before him at chambers to dissolve an attachment, are those only of a circuit court commissioner; and he does not in such a proceeding exercise the full judicial authority of the court.

2. A proceeding at chambers to dissolve an attachment is a special and peculiar statutory remedy, and though not to be disfavored or construed with unreasonable strictness, it cannot be extended beyond the statute, and therefore can be resorted to only by a defendant whose interests are invaded. It is not available to creditors or to assignees for their benefit.

3. A husband, in joint possession with his wife, of land belonging to her but used as the family homestead, has, as head of the family, such an interest in the land as entitles him to complain of any unlawful interference with it; and if he is defendant in a proceeding in which an attachment has been levied on such land as his own, his interest therein is sufficient to entitle him to move for a dissolution of the attachment.

4. Land owned by a wife but occupied not only by herself but by her husband and family as a homestead is in the husband's tenancy, so long as it is so occupied, as distinctly as if leased to him.

5. Defendants in an attachment proceeding made a general assignment. The assignees moved to dissolve the attachment. A similar motion was made by one of the defendants who had an interest in the property. The dissolution was ordered at chambers, and the order was brought up for review on certiorari and sustained as to the defendant. *Held*, that the writ of certiorari was not of right under the circumstances; and that though the assignees had no statutory right to move for dissolution, yet the equities were in their favor and no costs would be allowed for or against them.

6. The Supreme Court will not review on certiorari the conclusions reached on competent testimony as to whether an attachment should be dissolved.

Certiorari to the Circuit Judge for Kalamazoo County. (Mills, J.) June 6.—June 18.

*Dallas Boudeman* for plaintiff. Application for dissolution of an attachment can be made only by defendant: Drake on Attachment § 419; *Williams v. Walker* 11 Iowa 77; *Isham v. Ketchum* 46 Barb. 43; *Whipple v. Cass* 8 Ia. 126; *Cockrell v. McGraw* 33 Ala. 526; *Ketchum v. Ketchum* 1 Abb. (N. Y.) Pr. (N. S.) 157; *Allen v. Scandinavian Bank* 46 How. Pr. 71; *Tracy v. First Nat. Bank of Selma* 37 N. Y. 523.

*Edwards & Stewart* for defendants.

CAMPBELL, J. On the 6th of November, 1883, plaintiff levied an attachment on a considerable amount of real property belonging, or seized as belonging, to defendants. On the 9th of the same month, defendants, who were partners, made a general assignment to Edwin J. Phelps and Edwin Byles. In February, 1884, two petitions were filed to dissolve the attachment,—one by the assignees, in their own name and behalf, to remove it from the assigned property, and one by Joseph E. Kellogg, to have it set aside as to his residence, which belonged to his wife, but was occupied by the family. The only ground for suing out the writ was the belief, unsupported by any facts averred, that defendants intended to dispose of their property with intent to defraud creditors.

These petitions were addressed to the Hon. Alfred J. Mills, circuit judge, who found as a fact that there was no showing which justified suing out the attachment. While we have no authority to review his conclusions on competent testimony, we may, nevertheless, properly say that, in our opinion, he was entirely correct in his inferences, and the plaintiff's case does not appear to be meritorious. The only question which we can determine on this proceeding in certiorari, brought to review his orders dissolving the attach-

ment, is whether the petitioners had any standing to authorize them to apply for a dissolution.

The assignees applied in their own name and on their own behalf. We have no difficulty in seeing that they are interested in having the assigned property cleared of a lien which should not have been put upon it. We are not prepared to say the circuit court may not have some power to protect them, but on this record we can express no opinion except as to the legality of the present remedy. This is not a proceeding in court, but a collateral proceeding before the judge at chambers, whose powers are identical with those of a circuit court commissioner, and who, therefore, does not, on such an application, exercise the full judicial authority of the court itself.

We have in several cases decided that this is a special and peculiar statutory remedy which cannot be extended beyond the statute, and which can only avail a defendant whose interests are invaded. *Chandler v. Nash* 5 Mich. 409; *Price v. Reed* 20 Mich. 72; *Macumber v. Beam* 22 Mich. 395; *Zook v. Blough* 42 Mich. 487. We have held in these and other cases that the proceeding to dissolve an attachment (which is not only an ex-parte seizure, but one which is very poorly guarded against gross abuse) is not to be looked on with disfavor or construed with any unreasonable strictness. But the statute, although to be construed fairly in aid of its remedial objects, cannot, as we have held, authorize the judge or commissioner, neither of whom, as such, out of court, has any implied authority to intervene in any case not within the statute, which refers to none but defendants. It is certainly desirable that those who represent creditors, as these assignees do, should have some expeditious and simple way of getting rid of unjust seizures, but we cannot see how the statutory remedy can be made to reach their equities. So far as they are concerned, we are compelled to hold that the judge had no jurisdiction, as judge, out of court, to give them relief. The order granted on their behalf must be quashed, but without prejudice to any other mode of redress, if one exists.

As the other application was made by a defendant, and the levy was made on the property as property belonging to one or more of the defendants, there can be no doubt of his right to apply, provided he is interested at all in the property levied on. The land in question belongs to his wife, but is the family homestead. He has no technical estate in it which he can transfer to anybody else. But there can be no question, under our previous decisions, that he has a valuable and important interest which courts will protect. As head of the family he has possession jointly with his wife, and has, therefore, a right to complain of any unlawful interference. His right to join with his wife in a suit in equity to redress grievances touching the property was asserted and recognized in *Henry v. Gregory* 29 Mich. 67. The same principle was applied in ejectment against the homestead in *Hodson v. Van Fossen* 26 Mich. 68, and in a complaint against a husband for arson, in *Snyder v. People* 26 Mich. 106. The land is in his tenancy, while the family occupy it, as distinctly as if leased to him. And the fact that his wife owns the fee, and has also family interests which co-exist with his, does not make his possessory interest less actual or important.

We think the application was properly made, and that the dissolution as to him must be sustained, with costs. So far as Byles and Phelps are concerned we are not disposed to grant costs for or against them, as the equities are clearly in their favor, and we should have had some hesitation in allowing a certiorari, which is not a writ of right under the circumstances.

The other Justices concurred.