JOSEPH W. SMITH v. DETROIT, HILLSDALE & SOUTHWESTERN RAILWAY CO.

*Joint contract—Evidence of preliminaries—Acceptance, release and modification—Apportionment of liability.*

1. Where suit is brought on a joint obligation there can be no recovery on any other basis, nor for any period during which the joint arrangement was not in force.

2. Suit was brought on what purported to be a joint contract signed on one side by representatives of two railroad companies. It did not appear that the companies had any joint interests or that their representatives had authority to bind them jointly by any such obligation. *It seems* that testimony of preliminary verbal agreements was admissible, though inconsistent with the written contract, as bearing on the power to make it. *So also*, if no limitation of time was fixed and nothing to show that either party could not terminate the contract, would evidence be admissible of a subsequent understanding and course of business making the obligation separate instead of joint.

3. The pecuniary liabilities under a joint contract may lawfully be apportioned. .

4. A proposed arrangement may lawfully be modified by accepting it on different terms, or it may be changed verbally afterwards, if not required to be written.

5. The doctrine of release hardly applies to a case where the parties to an agreement change it and carry out any new arrangement they have entered into.

6. The rule of special consideration has no bearing where the parties to an agreement may end it at any time.

Error to Wayne. (Chipman, J.) April 16.—April 29.

Assumpsit. Defendant brings error. Reversed.

*Henry M. Cheever* for appellant. The rule excluding evidence of prior parol agreements in an action on a contract (*Street v. Dow* Har. Ch. 427 ; *Schwarz v. Wendell* Walk. Ch. 267 ; *Adair v. Adair* 5 Mich. 204 ; *Martin v. Hamlin* 18 id. 354 ; *Vanderkarr v. Thompson* 19 Mich. 82 ; *Jones v. Phelps* 5 Mich. 218 ; *Holmes v. Hall* 8 Mich. 66 ; *Doty v. Martin* 32 Mich. 462 ; *McEwan v. Ortman* 34 Mich. 325 ; *Oliver v. Shoemaker* 35 Mich. 464), does not apply where all that is relied on as a contract is a mere unaccepted proposition : *Weiden v. Woodruff* 38 Mich. 130 ; *McDonald v. Boeing* 43 Mich. 394 ; *Eggleston v. Wagner* 46 Mich. 610 ; *McDonald v. Bewick* 51 Mich. 79 ; *Loud v. Campbell* 26 Mich. 239 ; though parol testimony of previous agreements is admissible even as to a contract to explain its true consideration and apply it to the subject matter in controversy ; or to show the real consideration ; or to supply any part that is wanting in its terms ; or to supply the times of payment ; or to give particulars of the agreement not included in the contract : *Hyler v. Nolan* 45 Mich. 357 ; *Gillett v. Bowman* 43 Mich. 477 ; *Bowker v. Johnson* 17 Mich. 42 ; *Blackwood v. Brown* 34 Mich. 4 ; and it is admissible to show a modification of the contract after its making ; *Seaman v. O'Hara* 29 Mich. 66 ; *Gillett v. Bowman* 43 Mich. 477 ; *Savercool v. Farwell* 17 Mich. 309.

*Otto Kirchner* for appellee.

Campbell, J. This suit was brought against two railway companies jointly, but the Toledo & Ann Arbor Railroad Company was not served, and the Detroit, Hillsdale & Southwestern Railway Company was proceeded against alone, but as a joint debtor, and recovery was had under the rulings below for salary as general manager of both roads down to March 1, 1882, for so much of two years' salary, at $5000 a year, as remained unpaid. The controversy was chiefly on two points, viz., whether plaintiff was employed jointly or severally, and how long he served.

The suit was brought on what is claimed to have been a verbal acceptance of a joint request in the following terms :

"New York, February 4, 1880.

"*J. W. Smith, Esq., Detroit*—Dear Sir :   We desire you to take charge of the Toledo & Ann Arbor R. R., and the Detroit, Hillsdale & Southwestern R. R., as general manager, as soon as convenient; it being duly understood that your salary is to commence on the first of March next, at the rate of five thousand dollars per annum.

[Signed]                                      J. M. Ashley,
                                    President T. & A. A. R. R.
[Signed]                                      John B. Alley,
For Detroit, Hillsdale & Southwestern R. R. Co., Director and large Stockholder, and prospective President."

It is claimed that on March 1, 1880, plaintiff went into the performance of his duties, spending some time on each road. The testimony on his part tends to show that during most of the period under consideration he gave his time exclusively to the Hillsdale road.  It appears, further, without dispute, that at or towards the close of September, 1881, the Hillsdale road was taken in charge and operated by the Michigan Southern Railroad Company, and that after that period plaintiff had no control of the road.

It appears further that during the whole period from March, 1880, to October, 1881, he drew pay at the rate of $2500 a year from the Hillsdale road, on monthly bills presented by him against that road, separately, and that he was paid in full at that rate until the time when it changed hands. Also, that he rendered bills against the Toledo & Ann Arbor Railroad at the same rate, but was only paid a few months.  It does not appear that he ever presented bills for this delinquent half of the $5000 a year claimed to the Hillsdale road while he was in active charge of that road.   After his active charge terminated, and some time in the latter part of 1881, he appropriated some funds of the Hillsdale road put into his hands for specific purposes, and undertook to apply them upon the salary that he claimed should have been paid him by the Toledo & Ann Arbor road, on which he insisted both roads were liable.   Thereupon suit was brought against him to recover the money back.   In that case, which appears in 50 Mich. 112, it was held by this Court that he had no right

to apply such funds to his own use, and that, inasmuch as the claim he set up was on the basis of a joint liability, it could not be set off against a sole claim of one of his alleged debtors.

Upon the trial of the present cause below, defendant undertook to rely on the defense that there never was any joint employment, but that in fact each road employed him on its own account, and that the business was done on that basis. It was also claimed that he did not perform his duties to both or either of the roads during the time claimed.

As this is a suit on a joint obligation, there can be no recovery on any other basis. And there can be none on that, for any period when he was not employed as general manager of both roads. There is no claim for anything else set forth in the declaration.

The court below excluded all testimony of any verbal agreement or understanding in advance of the letter above set out, of a concurrent but not joint employment, on the ground that the terms of this letter were inconsistent with any but a joint employment. Defendant introduced or offered to introduce testimony to show a subsequent understanding and course of business; that the employment was continued for the Hillsdale Company as a separate one, at $2500 a year; but the court ruled that this could not be admitted to vary the written contract. Similar testimony was offered in regard to the separate character of the Toledo & Ann Arbor employment.

The court charged that the contract was joint, and that there was no legal evidence that either company had been released from the joint obligation. He also left the case on the theory that the jury could find—as they did—that he was employed two full years.

The case seems to us to have been tried on a misapprehension throughout. There is no doubt that, taken as it reads, and accepted as it reads, the offer and acceptance would be presumptively a joint contract. But, without admitting or waiving preliminary testimony, there could be no legal presumption that the officers of two railroads, in no way shown to be connected in business or to have joint interests, could bind them jointly by any such obligation. In this point of

view we can see no reason why those preliminary matters may not have been admissible to show how it came about that such an invitation was sent.    Had these been private persons there might have been force in the objection ; and if any authority had been shown here to act jointly there might be the same difficulty    But, without such authority proved otherwise to contract jointly, we are not prepared to say that such testimony might not be important.    The offer was to show a previous agreement between the railroad companies ; and if such agreement was made, it might, and probably would, as defendant claimed it would, show the understanding on which their agents were to act, and be the measure of their authority to sign any proposition at all.

This proposition declared on contains no statement how long this employment was to continue, and there is nothing in the case to show that either party could not terminate it. And if it was accepted and acted upon as joint, it was clearly open for defendant to inquire, not only how far services were rendered for both roads, but also how long such services continued.    The suit, as already suggested, is for services actually rendered, and not merely those which plaintiff was ready to perform in his capacity as general manager.    It is difficult to see on what basis any recovery could have been had beyond October, 1881, as after that time we have discovered nothing tending to show management of either road.

It was, we think, erroneous to shut out testimony offered to show that the parties acted on the idea of several and not joint employment.    If this—as there was some evidence to prove—began at once, it would indicate that there never was any acceptance of the joint employment; and if acted on afterwards it would tend to show a termination or change of that employment, which, under this contract,—if it was a contract,—could be had at any time by joint agreement or acquiescence, inasmuch as there was no term fixed by the letter.    And it is not unlawful for a joint contract to apportion pecuniary liabilities.    *Larkin v. Butterfield* 29 Mich. 254.

There is no rule of law which prevents parties from modifying a proposition by acceptance on different terms, or from

changing it afterwards verbally, where not required to be written. The doctrine of release can hardly be said to apply in such a case, where the parties carry out their new agreement; and where they may end it at any time, the rule of special consideration, if otherwise applicable—upon which we need not dwell—has no bearing.

The judgment must be reversed, and a new trial granted.

CHAMPLIN and SHERWOOD, JJ. concurred.

COOLEY, C. J. I do not concur in the opinion of my brethren in this case.

A question concerning the employment of the plaintiff by these railroad companies was before this Court in *Detroit &c. R. Co. v. Smith* 50 Mich. 112, and it was then construed to be a joint employment of the plaintiff by the two railroad companies, each company to pay one-half the salary. This division of payment was not determined by the written paper, which, after its acceptance by the plaintiff, we may properly enough speak of as the contract of the parties; but the course of business under it showed that to be the understanding as between the two railroad companies.

On the trial of this cause, evidence was offered on behalf of the Detroit, Hillsdale & Southwestern Railway Co. that there were certain negotiations between the plaintiff and the railroad companies previous to the date of th ewriting, and that in those negotiations, which culminated in the giving of the writing, it was understood and agreed that each company was to be liable for and was to pay one-half the $5000 salary. The evidence was objected to and ruled out. It was claimed to be admissible on the ground that the writing itself was incomplete, and that there were evident omissions which the evidence would supply.

The question in dispute on the trial was whether the two companies were jointly liable for the whole salary. On that point there is no omission in the contract. The promise is joint, and is for the whole sum. To import into the contract a stipulation that each road should be liable for one-half of the

salary only, would not be to supply any omission in the contract, but it would be to overrule one of its terms, and substitute two several promises for one joint promise. The court, I think, was right in holding this inadmissible. *McEwan v. Ortman* 34 Mich. 325; *Oliver v. Shoemaker* 35 Mich. 464; *Haynes v. Ledyard* 44 Mich. 621; *Kelsey v. Chamberlain* 47 Mich. 241.

The same company offered further to show that plaintiff regularly presented vouchers monthly to each company for one-half the salary for the month, and that these were paid and settled for so far as presented to that company. It was claimed that such evidence should be received and submitted to the jury as tending to show—*first*, an agreement of the plaintiff with the two companies to look to each for one-half the sum coming to him; and *second*, a settlement with this company up to the time for which payment was made by it of such accounts. The court rejected the evidence as immaterial to the issue being tried.

The employment, as has been said, was joint. But, as appears on the face of the contract, it was made on behalf of two distinct companies. Under such circumstances I agree with the circuit judge that the fact that plaintiff presented vouchers for one-half the salary to each company, and receipted for such sums as were paid him, did not tend to prove an understanding that he would look to each company for only one-half the sum stipulated for. The presentation of separate vouchers to the separate roads would be for their convenience, not for his, and it would reasonably be expected he would do this if the roads were managed in distinct interests. And there is nothing in this case to show they were not so managed. I think, therefore, if defendant had put into the case the evidence offered, the jury would not have been warranted on that evidence alone, to deduce the inference suggested. There was, therefore, no error in excluding the evidence.

Many errors are assigned, but what has been said substantially covers the case. It was of no moment on the trial that one company had paid its share, and the other had not; the

plaintiff had the joint promise of both for the whole sum, and he has a right to look to both till all is paid. We cannot know that he would have consented to accept the responsibility of either road separately.