DWIGHT PIERCE *vs.* FRANK H. WHITTLESEY.

Hartford Dist., Oct. T., 1889. ANDREWS, C. J., CARPENTER, PARDEE, LOOMIS AND FENN, Js.

It is provided by Gen. Statutes, § 1748, that any person who shall withhold any part of the wages of an employee "because of an agreement requiring notice before leaving the employment," shall forfeit fifty dollars. The plaintiff worked for the defendant under an agreement that if the defendant should dismiss him he would give him two weeks' notice, and if the plaintiff should leave the defendant's employment he should give him two weeks' notice, and either failing to give such notice was to forfeit to the other the amount of two weeks' wages. The plaintiff left the defendant's service without giving any notice and without good cause. In a suit by the plaintiff for his wages, in which the defendant set up the agreement and claimed under it a forfeiture of two weeks' wages, it was held—

1. That if the suit were defended solely on the ground of a broken agreement to give notice, it would be difficult to deliver the case from the operation of the statute.
2. But that it could hardly be supposed that the legislature intended to prohibit such a fair and and reasonable agreement, in which both parties assumed the same obligation; and that, if legislation with such an intent would be constitutional, the intent would presumably be ex pressed in direct and unequivocal language.
3. That it could not be said that the wages were withheld by reason of a mere agreement to give notice, but because the plaintiff, in a fair con-

tract upon a sufficient consideration, had agreed to relinquish them, so that no wages were due him.

4. That it was not necessary that the defendant should aver in his answer, and show by evidence, that he had sustained damage by reason of the plaintiff's leaving his service without notice, the parties having agreed that a sum equal to two weeks' wages should be regarded as liquidated damages.

[Argued October 1st—decided December 16th, 1889.]

ACTION for wages due the plaintiff's assignor for labor; brought, by appeal from a justice of the peace, to the Court of Common Pleas for Hartford County, and tried to the court, on a special answer of the defendant, denied by the plaintiff, before *Calhoun, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*J. W. Johnson,* for the appellant, submitted the case upon a brief.

*M. M. O'Sullivan,* for the appellee, submitted the case without a brief.

CARPENTER, J. This is an action by an assignee of a claim for personal services. The answer is that Thomas Nolan, the assignor of the claim, entered the employment of the defendant in June, 1888, under an agreement that if he should at any time desire to leave the employment of the defendant, he should give him two weeks' notice thereof; and that in case he should leave his employment without giving two weeks' notice of his intention to do so, he should forfeit two weeks' wages to the defendant; and it was also agreed that the defendant should give Nolan two weeks' notice if he desired to dismiss him from his employment, and in case he failed to give such notice he should forfeit to him two weeks' wages; that he entered into the employment of the defendant and there remained until October 16th, 1888, when he left without giving two weeks' notice and without just cause; and that the two weeks' wages claimed

by the plaintiff are the same two weeks' wages forfeited by him, etc., etc.

The plaintiff denied all the allegations in the answer. On that issue the cause was tried in the court below, and the allegations of the answer found true, and judgment rendered for the plaintiff on the ground that it did not appear, and was not alleged, that the defendant had suffered damages from Nolan's leaving his employment without notice. The defendant appealed to this court.

Questions of pleading and practice are raised, but we pass them and will consider the case and dispose of it upon its merits. The case was submitted without oral argument, counsel for the defendant filing a printed brief and counsel for the plaintiff filing no brief. The defendant's counsel proceeds upon the theory that the defense was held insufficient by reason of the statute, section 1748 of the General Statutes, while it may be fairly inferred from the record that the court overruled the defense for the reason that no special damage was alleged or shown.

Considering the case in either aspect, or in both, we are constrained to say that we think the court erred.

The section of the statute referred to is as follows:— " Any person or corporation who shall withhold any part of the wages of any person, because of any agreement expressed or implied requiring notice before leaving the employment, shall forfeit fifty dollars, half to him who shall sue therefor and half to the state."

Here a penalty is prescribed for doing an act; hence the act is impliedly prohibited. What is the act? Simply withholding payment for the reason given. A contract requiring notice is lawful, as there is no penalty imposed for making it. It is withholding wages that comes under the consideration of the statute, and not the making of the contract. Such a contract may be made and enforced, if it can be done without withholding wages.

The spirit of the act, and perhaps its letter, forbids the setting up of the broken agreement as a defense to an action

for wages; that would be using such agreement as a means of withholding payment.

The distinction between resisting an action for wages and bringing an action for damages, is not new. *Hunt* v. *The Otis Co.*, 4 Met., 464, decided in 1842, turned on that distinction. But it was not alone, or principally, for cases in court that the act was passed. A refusal to pay for the reason given by the statute, either with or without a suit, is an offense. If this case was defended solely on the ground of a broken agreement to give notice, it would be difficult to deliver it from the operation of the statute. But the agreement is more extensive. It is coupled with a like agreement by the defendant. Each party makes precisely the same agreement. Each party agrees to give the same notice, and in case of failure to submit to the same forfeiture—Nolan to lose two weeks' wages, and the defendant to pay two weeks' wages in addition to payment for services actually rendered. In this there was nothing oppressive, one-sided, unfair, or unreasonable. Presumptively it was mutually advantageous. Whatever may be said of a unilateral obligation by an employee, it can hardly be said that the legislature intended to prohibit a fair and reasonable agreement in which both parties assume the same obligation.

Even if it be conceded that such legislation would be constitutional, we should expect to find the intent expressed in direct and unequivocal language. We cannot give language of doubtful import any such effect by implication or construction.

The act was passed for the benefit of the employee—to protect him against injustice and oppression. So far as effect can be given to that intention without violating important principles, it is well. In cases of a mere promise by an employee to give notice of his intention to terminate a contract, the legislature may well say that the employer shall not take advantage of it to withhold wages, and the courts may well enforce the restriction. But when it is a mutual agreement on equal terms another principle is to be considered. Let us illustrate by a supposed case. If the

defendant had discharged Nolan without giving the agreed notice, and Nolan had brought a suit to recover the two weeks' wages agreed to be forfeited, is it not clear that the defendant could not have set up this statute as a defense? The agreement and the acts of the parties are neither within the letter nor spirit of the act. If the statute does not annul the agreement as to one, why should it as to the other? If it does, it makes the contract void as to one, leaving it in force as to the other—a result which the legislature could not have intended.

But the contract is not only mutual, but it covers ground otherwise not contemplated by the statute. It provides in direct terms that a violation by either party shall work a forfeiture of two weeks' wages—that is, they agree upon the amount of damages in case of a breach—liquidated damages. It is not an extravagant sum, it is moderate and reasonable; large enough to insure a probable compliance, and not large enough to make it inequitable to enforce it. Besides, the duty required is light, imposing no hardship, so that the forfeiture can be easily avoided. With such a contract it cannot be said that wages were withheld because of a mere agreement to give notice. They were withheld because Nolan in a fair contract upon a sufficient consideration agreed to relinquish them. By their contract no wages were due, and therefore there were none to pay; strictly speaking none to withhold. The case is not within the letter, and it certainly is not within the spirit of the statute.

The ground on which the court placed its judgment is equally untenable, and partly for reasons already suggested. It virtually puts into the contract what the parties did not place there—that a breach should entitle the other party to such damages only as he could show that he actually sustained; whereas the parties in effect agreed that a sum equal to two weeks' wages should be regarded as liquidated damages.

There is error and the judgment is reversed.

In this opinion the other judges concurred.