FLETCHER BLAGBORNE v. ALBERT HUNGER.

*Contract—Seal—Parol modification—Consideration—Equity practice—Appeal.*

1. The parties to a written contract, though under seal, may vary or cancel it by a parol agreement, if such contract be not required by law to be in writing; citing *Barton v. Gray*, 57 Mich. 634.

2. Complainant filed a bill to procure the discharge of a mortgage, given to secure the payment of a portion of the contract price for the construction of a dwelling-house upon the mortgaged premises, upon the ground that the contract had been canceled and abandoned by agreement of the parties. The testimony was conflicting as to the making of such subsequent agreement. And it is held that, as the circuit judge had the better opportunity of judging of the credibility of the witnesses, the Court are not disposed to disturb his finding upon such question of fact.

3. After a land-owner had paid $100 on account of a contract for the removal of certain buildings and the construction of a dwelling-house upon the site thus vacated, and the contractor had let the contract for moving the buildings for $75 and commenced getting together the material for the new building, a verbal agreement was made between the parties for the cancellation and abandonment of the contract, in consideration of the retention by the contractor of the $100, and the promise of the land-owner to pay the contractor for the material which he had purchased and delivered on the premises. And it is held that there was a sufficient consideration for the agreement.

Appeal from St. Clair. (Vance, J.) Submitted on briefs June 8, 1894. Decided July 5, 1894.

Bill to cancel a mortgage. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Phillips & Jenks*, for complainant.

. *V. A. Saph* and *H. W. Stevens,* for defendant.

MONTGOMERY, J.  In May, 1892, the complainant entered
into a written contract with the defendant for the con-
struction of a house.  The contract required the defendant
to remove an older dwelling-house and office to the rear
of complainant's lot, erect a small addition to the office,
and construct a dwelling-house on the site of the old
residence.  The agreed price was $2,200.  Complainant
agreed to pay defendant $800 in cash from time to time,
as the work proceeded, and $1,400 was to be secured by a
mortgage upon the premises.  The mortgage was executed
and delivered on June 4, and, soon thereafter, defendant
began moving back the old buildings, and getting together
the material.  The defendant let the job of moving the
old buildings to a house mover, for $75.  Shortly after
the work commenced, complainant paid the defendant $100
upon the contract.

The complainant filed this bill to procure a discharge
of the mortgage, alleging that, after the making of the
contract in question, he changed his mind, and agreed
with the defendant that the contract might be abandoned,
in consideration of defendant's being permitted to retain
the $100 which had been paid him upon the contract,
which would pay the $75 expenses of removal, and leave
defendant $25 for his trouble; and that complainant also
agreed, as a consideration for being released from the
contract, to pay defendant for his material.  There is a
conflict in the testimony between the two parties as to
this question of fact,—the defendant claiming that the
contract never was abandoned; the complainant insisting
that it was, and that he asked for a statement of the
amount of material which was placed upon the lot, which
defendant refused to give, but sent him a note, saying

that he would accept $250 over and above what he had already received, and release him from the contract. The circuit judge granted the relief prayed by complainant, and defendant appeals.

There is a direct conflict in the testimony, and, as the circuit judge had the better opportunity of judging of the credibility of the witnesses, we are not disposed to disturb his finding upon the question of fact.

As a condition to the relief, the circuit judge required that complainant should pay to the defendant the value of the material, $48.56, and found that the complainant was excused for not tendering the amount because the defendant furnished no bill of items. As no costs were awarded to the complainant by the court below, the decree was not, in this respect, as favorable to complainant as would be expected, if he was entitled to relief at all.

But it is contended:

1. That there was no consideration for the release of the agreement by the defendant.
2. That as the agreement was in writing, and under seal, it could not be discharged by a verbal promise.

We do not think either of the positions tenable. There was already in the hands of defendant $25 over and above what he had expended, which would have been, in and of itself, sufficient consideration for the discharge of the agreement. In addition to this, there was the promise on the part of complainant to pay for the material.

As to the contention that the agreement could not be varied by parol, we think the question has been determined in this State. As is said in *Barton v. Gray*, 57 Mich. 634:

"In modern times the attaching of a seal to a signature is not regarded with that reverence which was formerly the case; and when the Legislature enacted that a seal or wafer was unnecessary, but that a scroll or other device

should be sufficient,[1] the solemnity attending the execution of such contract vanished; and when the Legislature further provided that no instrument should be held invalid for want of a seal,[2] and it became, under the statute, mere *prima facie* evidence of consideration,[3] the affixing of seals, except to instruments required by law to be under seal, became of no practical importance. Consequently, it has been held by this Court that parties who have made written contracts may vary them afterwards, as much as they please, by parol, if the nature of the agreement is not such that the law requires them to be in writing."

See, also, *Seaman v. O'Hara,* 29 Mich. 66; *Westchester Fire Ins. Co. v. Earle,* 33 Id. 152; *Roger Williams Ins. Co. v. Carrington,* 43 Id. 256; *Kimmerle v. Hass,* 53 Id. 341.

The decree will be affirmed, with costs.

The other Justices concurred.