SMITH *v.* KELLEY, MAUS & CO.

1. CONTRACTS—LETTERS—OFFER AND ACCEPTANCE—VARIANCE.
    Defendant, by letter of August 19th, offered plaintiff a position
    as traveling salesman, "at the rate of $150 per month to January 1st." The letter contained the assurance that plaintiff
    might continue in the employment as long as he could make
    his services valuable. Plaintiff, by letter of August 20th, accepted the proposition "to enter your employ for the *next
    season.*" *Held,* that the acceptance was not at variance with
    the offer, and that the correspondence showed a contract of
    employment to January 1st.

2. SAME—NEW PAROL AGREEMENT—EVIDENCE.
    The parties, having made such a contract, were at liberty, by
    mutual consent, to abandon the arrangement, and enter into
    a different agreement by parol; a fact which either could
    show to defeat an action on the contract evidenced by the
    letters.

Error to Kalamazoo; Buck, J. Submitted October 15,
1897. Decided December 21, 1897.

*Assumpsit* by William Smith against Kelley, Maus &
Company, a corporation, for the breach of a contract of
employment. From a judgment for plaintiff, defendant
brings error. Reversed.

*Howard, Roos & Howard,* for appellant.

*Osborn, Mills & Master,* for appellee.

HOOKER, J. The plaintiff and defendant had negotiations regarding the employment of the former by the
latter as a commercial traveler. The following letters
show the correspondence upon which the plaintiff relies as
a contract, and under which he claims that he went to
work:

"CHICAGO, July 31, 1895.

"WILL SMITH, Esq.,
      "523 W. 7th St., Cincinnati, O.

"*Dear Sir:* We are now ready to make arrangements with a good man for the road, to represent us in Michigan, Indiana, and part of Ohio. If you are open for an engagement, we think it would pay you to take a run up to Chicago, and see us, at once. Kindly write us when you will be up, and oblige,

                              "Yours,
                                 "FRED K. MAUS.

"If you cannot come, can you give us the names of one or two well-posted men in your line who could?"

                              "CHICAGO, August 19, 1895.

"Mr. WILL SMITH,
      "523 W. 7th St., Cincinnati, O.

"*Dear Sir:* We will start you out on the road at the rate of $150 per month to January 1, 1896. If, after that time, you are worth more money to us, we will be only too glad to pay you what you are worth to us; and you can continue right along with us after that, as long as you can make your services valuable to us, at a salary satisfactory to you and ourselves. We want you right away, and, if possible, come up this week; and it will take at least a week or 10 days to post you, and get samples ready. When will you be here? Come at once, if possible.          Address,

                              "F. K. MAUS,
                        "Care Kelley, Maus & Co."

                              "CINCINNATI, August 20, 1895.

"FRED K. MAUS,
      "Chicago, Ill.

"*Dear Sir:* Your proposition to enter your employ for the next season at hand, and I accept; and, as I told you in our interview, would come just as soon as possible. On account of the absence of my employers, I cannot give you date, but on their return, the last of the week, will notify you at once. I am,

                              "Yours truly,
                                 "WILL SMITH."

Upon the trial, counsel for the defendant contended that this correspondence did not constitute a contract, because the letter of August 20th was not an acceptance of

the proposition contained in the letter of August 19th, for the reason that it contained stipulations varying the proposition.    They introduced a letter dated August 27th, which is claimed to show that defendant did not understand it as an acceptance.    It is as follows:

"CHICAGO, August 27, 1895.
"Mr. WILL SMITH,
 "Care Rattarmann & Luth,
  "Cincinnati, O.

"*Dear Sir:* Your favor of the 20th received during the writer's absence from the city.    We would like to know when you will be here, as we desire to get the matter settled up at an early date.    If we engage you, we wish to get you started out on the road.    Please let us hear from you promptly, and oblige,

"Yours truly,
"F. K. MAUS."

They also sought to show by the cross-examination of the plaintiff, and by the testimony of other witnesses, that the plaintiff did not go to work upon the terms stated in these letters, but that he visited Chicago, as requested, and a new contract was made there, differing from that contained in the letters, especially as to the period of his employment.

The letter of August 19th cannot be construed as unqualifiedly offering the plaintiff employment beyond January 1st.    But it was an offer to the plaintiff to enter the defendant's service, with an understanding that it might be for a longer period; and we think the reference to the "next season," in his letter, is to be read in connection with that offer, and should not be considered a variance from the proposition in that respect.    There was, however, nothing to prevent the parties from abandoning this arrangement, and, by mutual consent, making a new one, when the plaintiff visited Chicago.    We think the defendant should have been permitted to show that such was the case, if it was able to do so.    *Seaman* v. *O'Hara,* 29 Mich. 66; *Westchester Fire Ins. Co.* v. *Earle,* 33 Mich. 153; *Roger Williams Ins. Co.* v. *Carrington,* 43

Mich. 256; *Barton* v. *Gray*, 57 Mich. 622; *Blagborne* v. *Hunger*, 101 Mich. 375.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.