B. Bernhard, etc. v. William Schwartz et al.

**1. Sufficient Notice of Appeal from Justice Court.**

Section 6494, Rev. Stat., relating to appeals from an order of a justice of the peace overruling a motion to dissolve an attachment upon giving notice of appeal, is not, by Sec. 6705, Rev. Stat., making certain provisions of Title 1, Part 3, Rev. Stat., applicable to certain provisions governing justices of the peace, controlled by Sec. 5227, Rev. Stat., providing that notice of intention to appeal shall be entered on the records within three days after judgment, but it is a sufficient compliance with the statute if notice be given within ten days, as provided by Sec. 6584, Rev. Stat., relating to appeals generally from justices of the peace; and especially if written notice thereof be given to the justice, upon which he transmits the original papers, etc., to the common pleas within ten days of making the order appealed from.

**2. Motion to Dissolve Attachment—Right to Make.**

While a defendant cannot move to vacate an order of attachment on the ground that the property attached does not belong to him, yet if the ground of the motion to discharge is that the affidavit upon the attachment issued was untrue the attachment may properly be discharged, notwithstanding the fact should appear that he was not the owner of the property levied upon.

**3. Rule as to Reversal.**

The fact that the evidence, as it appears in the reviewing court, is sufficient to arouse a strong suspicion of fraud against a defendant in attachment, is not sufficient to warrant that court in disturbing a judgment discharging the attachment.

Heard on Error.

*L. J. Grossman*, for plaintiffs in error.

*E. J. Thobaben*, for defendants:

The defendants have the right to maintain their motion to discharge attachment on the ground that the affidavit on which attachment was issued is untrue, even though they do not claim any interest in the property attached. The question of costs are involved, and this is a sufficient interest in the action to justify the court in considering the motion to discharge. See Kinkead Code Pleading, 375; Northern Bank v. Nash, 12 Dec. (Re.), 75 (1 H., 153).

Where a motion to discharge attachment is sustained, a reviewing court will not weigh the evidence, unless the trial court was manifestly influenced by passion or prejudice. Baer v. Otto, 34 Ohio St., 11; Seville v. Wagner, 46 Ohio St., 52 [18 N. E. Rep., 430]; 5 Circ. Dec., 84 [11 R., 18] ; Bancroft v. Talbott, 29 Ohio St., 538.

MARVIN, J.

The plaintiff here brought suit against the defendants before a justice of the peace and by proper affidavit obtained an order of attachment to be issued against the defendants. Under this order the officer to whom it was issued, levied upon certain property. The defendants then filed a motion for an order discharging such attachment upon the ground that the averments of the affidavit upon which the attachment was based, were untrue. Upon hearing, the justice of the peace overruled the motion. The defendants then appealed from the order overruling the motion, to the court of common pleas. This was done under the provisions of Sec. 6494, Rev. Stat. It is provided in this section that if such motion be overruled, it "may be appealed by the defendant to the court of common pleas, if in session, or to a judge thereof in vacation, by giving notice to that effect to the justice of the peace, but nobond shall be required."

A motion to dismiss this appeal was made in the court of common pleas and overruled, and this is assigned as the first ground of error. One of the grounds upon which this motion was predicated, is that no proper notice for such appeal was given. It will be observed from the quotation already made from the statute, that nothing is said as to *how* or within what time such notice shall be given, but only that there must be given " notice to that effect to the justice of the peace."

It is provided in Sec. 6705, Rev. Stat., that "The provisions of title *one* of part *third* of the Revised Statutes, which are in their nature applicable to the proceedings before justices, and in respect of which no special provision is made in this title, are applicable to the proceedings before justices of the peace."

One of the sections under the title referred to, is Sec 5227, which provides that: "A party desiring to appeal his cause to the circuit court shall, within three days after the judgment or order is entered, enter on the records notice of such intention."

It is urged that this provision must be applied to the appeal provided for in Sec. 6494.

We think this claim is not well taken. The statute providing generally for appeals from justices of the peace, viz., Sec. 6584, provides that a bond for such appeal shall be given within ten days. The section under which this appeal is taken, expressly provides that *no* bond shall be given. But it would seem to be a compliance with the spirit of this statute if the notice be given within ten days.

In the present case a written notice was given within that time. In any event, as appears by the file wrapper, the defendants gave notice to the justice upon which he acted and transmitted the original files to the court of common pleas, and this was all done within ten days of the time when the justice made the order.

We hold that the motion to dismiss the appeal was properly overruled.

The court of common pleas, upon hearing, discharged the attachment. It is urged that this holding was erroneous for two reasons :

Bernhard v. Schwartz.

First. That the defendants had no interest which could be affected by the order of attachment if the contention made by them were true, because their testimony in the hearing showed that the property attached was all sold by them before it was levied upon in attachment and was at the time of such levy the property of another. In support of this claim we are cited to In re Northern Bank of Kentucky v. Nash & Guild, 12 Dec. (Re.), 75 (1 H., 155), where this language is used by the court:

"But, when, by the form and object of the motion and the facts shown, it appears that the defendant can really have no interest in the matter, cannot be benefited by the granting, nor prejudiced by the refusal of the motion, and the only effect would be to decide in a summary manner, a matter of contest between the plaintiff and third persons, which decision would be in no way obligatory on them, and might seriously prejudice the plaintiff, I do not think there is a proper case for the action of the court."

On the other hand, it is urged that the defendants have an interest in the determination of this motion, notwithstanding the claim made by them that the property attached is owned by another party.

It will be observed that the ground of the motion for the discharge of the attachment is that the averments of the original affidavit are untrue. Nothing appears in the motion, to disclose that the defendants have no interest in the attached property, but that fact was brought out in the evidence upon the hearing. If the contention of the defendants as to the ownership of the property is true, then the result of the motion to discharge the attachment, could not affect their rights in the property, but it does affect their rights to the extent at least of the costs made upon the attachment, for, if the motion should be sustained, they would be relieved from such costs, while, if it should be overruled they would be liable for the costs and would stand with the stigma of the fraud charged upon them in the affidavit for the attachment.

In re Northern Bank of Kentucky v. Nash & Guild, *supra*, a part of the syllabus reads:

"The right to discharge on motion must be limited to cases where defendant shows an interest in the motion and is prejudiced either by the granting or by the operation of the attachment.

"Where, however, a motion is made to discharge an attachment on the ground that it was wrongfully obtained, no question, as to the interest of the defendants in the property attached, will prevent a full enquiry into the correctness of the grounds on which the attachment was predicated."

Again, in the opinion this language is used:

"When a defendent moves to discharge an attachment on the ground that it has been wrongfully sued out, I should not be inclined to permit any question as to his interest in the property levied on, to operate to prevent a full enquiry into the correctness of the grounds on which the attachment was predicated. In such a case his interest is clear, for the motion is directed against the foundation of an attachment against all his property."

And then follows the language first quoted in this opinion.

The case of Rowe v. Kellogg, 19 N. W. Rep., 957, [54 Mich. 206], cited by counsel for plaintiff in error, is a case where a petition was filed by the assignee of the defendant in attachment for an order to dissolve the attachment. An application was also made by one of the

defendants in attachment, and the question was made, that neither the assignee nor the assignor had any standing to authorize them or either of them, to apply for such dissolution, and the court held that each was entitled to make the question, and to reach the conclusion to which the court came it was not necessary to determine whether the defendant *could* have made the motion if he had no interest in the property, because it was held in that case that he had an interest which the court was bound to protect.

Another case cited by counsel for plaintiff in error, is that of Emerson v. Love, 2 Dec. (Re.) 348 (2 W. L. M., 480). In this case, the ground of the motion was, that the property attached did not belong to the defendant, and the court held that "A defendant cannot move to vacate an order of attachment on the ground that the property attached does not belong to him." An examination of this case will show that the court went no further than the quotation just made. There is no intimation in the case that if the ground of the motion had been that the affidavit upon which the attachment was originally issued was untrue, the motion would not have been entertained although it should appear, as a matter of fact, that the property was not owned by the defendant.

The case of Mitchell v. Skinner, 17 Kans., 563, is to the same effect, and it is there held that "it is not competent for the defendant to move the court to discharge an attachment, or set aside a levy under an execution, on the ground that the property attached or levied upon does not belong to him."

Other authorities to the same effect are numerous; but we believe no case will be found where the court has refused to entertain a motion to dissolve an attachment on the ground that the affidavit upon which it was issued, was untrue, even though the fact should appear that the defendant was not the owner of the property levied upon.

It is further urged that the court erred in discharging this attachment because of the facts which appeared in evidence upon the hearing. That evidence is all before us, embodied in a bill of exceptions, and while there are circumstances which might naturally arouse a strong suspicion of fraud in the transfer of property of the defendants, we do not feel justified in saying that the evidence is so clear that there was fraud as would justify us in reversing the judgment upon that ground, and, we, therefore, affirm the judgment of the court of common pleas.