DIMMOCK v. COLE.

GOODWIN v. SAME.

SMITH v. SAME.

1. ATTACHMENT—DISSOLUTION—EVIDENCE.
   An order dissolving an attachment will not be reversed because of the admission of irrelevant testimony, where the circuit judge certifies that such testimony was not considered by him in reaching a conclusion.

2. SAME—EVIDENCE OF PLAINTIFF'S CLAIM.
   On the hearing of a petition to dissolve an attachment, evidence by the defendant that he did not owe the plaintiff anything, or did not know that he owed the plaintiff anything, is admissible for the purpose of showing a want of bad faith in the manner he dealt with his property.

3. SAME—FINDINGS OF FACT.

Findings of fact by the circuit judge in proceedings to dissolve an attachment are conclusive where there is evidence to support them.

4. SAME.

Where there is evidence tending to show that defendant did not know he was indebted to the plaintiff, an order dissolving an attachment will not be reversed, although the testimony, if plaintiff's claim had been undisputed, would have conclusively shown an intent to defraud creditors.

5. EVIDENCE—EXCLUSION OF CUMULATIVE TESTIMONY.

Where the undisputed evidence shows a certain fact, the exclusion of additional evidence to prove the same fact is not prejudicial error.

*Certiorari* to Bay; Shepard, J. Submitted April 23, 1902. (Docket Nos. 45, 122, 123). Decided May 19, 1902.

Attachment proceedings by Edwin S. Dimmock, Don A. Goodwin, and Edward A. Smith against Fred P. Cole. From orders dissolving the attachments, plaintiffs bring *certiorari*. Affirmed.

*U. R. Loranger* (*S. P. Flynn*, of counsel), for appellants.

*M. L. Courtright* (*T. A. E. & J. C. Weadock*, of counsel), for appellee.

MONTGOMERY, J. *Certiorari* to review an order of the circuit judge dissolving an attachment. Three questions are raised: *First*, whether immaterial evidence was admitted; *second*, whether the testimony on the hearing was such that the finding of the circuit judge that the evidence did not support the affidavit should be reversed; and, *third*, whether material evidence was excluded.

The first question may be disposed of by saying that, although testimony was received upon the question of the merits of plaintiff's claim, the circuit judge states in his findings that, in the view he took of the case, such testi-

mony was not material, and was not considered by him in reaching a conclusion; so that, if there was any error in the admission of this testimony, it was cured, as this testimony was not considered by the court for any purpose foreign to the issue.

We think the testimony was competent, at least for the purpose of showing want of bad faith on the part of the defendant in dealing with the property in the manner in which he did. If he showed to the satisfaction of the court that he did not owe the plaintiff anything, or did not believe that he owed the plaintiff anything, this would have weight as bearing upon the question of whether he had disposed of his property with intent to defraud the plaintiff. See *Hyde* v. *Nelson*, 11 Mich. 353.

Whether, upon the trial of a petition to dissolve an attachment, the question of the defendant's indebtedness may be tried and determined, is not altogether clear from the authorities. Mr. Stevens, in his work on Michigan Practice (volume 1, § 61*e*), takes the ground that, if the indebtedness be denied, it would seem to cast upon the plaintiff the burden of producing at least *prima facie* evidence of it; and it would follow from this, logically, that at the hearing of the dissolution proceedings the defendant would have the right to controvert the existence of any indebtedness, and that this would become a question for the determination of the commissioner, or of the circuit judge, on the hearing in dissolution proceedings. He bases this conclusion upon the peculiar language of our statute. We do not, however, find it necessary to go this length in the present case, or to determine whether the authorities from other States, which hold it not competent to enter upon a trial of the question of indebtedness, are or are not controlling under our statute. In the case of *Hyde* v. *Nelson*, *supra*, it was held proper for the defendant to testify that he did not know he was owing the plaintiff, as bearing upon his alleged fraudulent intent.

It appears that on April 1st—about 30 days before the contracting of any of his alleged indebtedness to plaintiff

—defendant had lumber in his lumber yard worth between $8,000 and $10,000; that on September 27th—the date of the hearing on the petition to dissolve the attachment—he had but $2,500 to $3,000 worth. He testifies that the remainder had been disposed of in the ordinary course of business, in small lots; that he had not purchased any new stock; and that he had refrained from depositing the proceeds in the bank, to keep it from being garnished. It also appears that the only other property he had in Bay county was an incumbered house and lot. Defendant's counsel state that there is no evidence that he did not have property elsewhere; but defendant's reply, "I have got this money," in answer to the question, "What else have you got?" fairly construed, means that he had covered by his testimony all the property which he had.

It is apparent from the reading of this record that the testimony tended strongly to show that the defendant had converted this property into cash, and retained the money in his possession, and withheld it from deposit in banks, with the idea of preventing its being reached by garnishment. If plaintiff's claim were undisputed, it might be difficult to say that this evidence could be construed any other way than as conclusively showing an intent to defraud creditors, within the rule laid down in *McBryan* v. *Trowbridge*, 125 Mich. 542 (84 N. W. 1084). But, as before stated, the question of defendant's intent, as held by this court in *Hyde* v. *Nelson*, involves the inquiry as to whether he actually understood that he owed any indebtedness. So, if he did not, it cannot be said that he made any disposition of his property with intent to defraud creditors. We cannot say, therefore, that there was no evidence which justified the finding of the circuit judge; and, this being so, it is not our province to exercise our independent judgment upon the question of fact. This has been often decided by this court. See *Sheldon* v. *Stewart*, 43 Mich. 576 (5 N. W. 1068); *Carver* v. *Chapell*, 70 Mich. 51 (37 N. W. 880); *Brown* v. *Blanchard*, 39 Mich. 790; *Rowe* v. *Kellogg*, 54 Mich. 206 (19 N. W. 957).

It is also contended that the circuit judge erred in excluding testimony as to defendant's business transactions prior to April 1st. None of the alleged indebtedness was contracted before April 26th. It is admitted that defendant pursued a different course of dealing, as to depositing the proceeds of sales, after his dispute arose with plaintiff than before. What the plaintiff sought to show by the cashier of the bank was the condition of defendant's account in the bank for a considerable period prior to April. His account from April down to the time of this proceeding was shown, and it disclosed the withdrawal of deposits, as stated. Plaintiff's counsel stated:

"We offer to show that, during the period last year from the 1st of April to the 1st of October,—which is the busy season for the lumber business,—large amounts were deposited and large balances credited to Mr. Cole at the same bank. We desire to show the year before, because, since early in the spring of this year, on account of the trouble arising over these different suits, he has closed out, instead of branching out in, his business."

We think this testimony might well have been received, but we are unable to see how the failure to receive it worked prejudice to the plaintiff; for the undisputed testimony showed precisely what plaintiff was aiming to establish by his testimony, namely, that defendant had reduced his stock, and placed this money where it could not be reached by garnishee process. Whether this was done fraudulently or not might depend upon other considerations. The circuit judge found that it was not fraudulent; but the facts could not be made any clearer by additional testimony along the same lines. We think no prejudicial error was committed in excluding the testimony offered.

It follows that the order dissolving the attachment must be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.