## WILSON v. GODKIN.

1. Contract of Employment—Practical Construction—Parol Modification.

Where, by contract in writing, plaintiff was to work at certain wages in or around defendant's sawmill and at loading lumber on boats, or at whatever defendant might direct him to do, a subsequent parol agreement, made while plaintiff was required to act as engineer, that he was to receive higher wages while doing that work, was not only a practical construction of the original contract as not including engineer's services, but was a valid modification of such contract as to the wages to be paid.

2. Same—Definiteness.

A contract whereby one is to work for another "for three months, more or less, or until" the latter's "logs are all sawed," is not open to the objection that it is for an indefinite period.

3. Same—Stipulated Damages—Penalty.

The fact that a provision in a contract of employment, for the retention of wages by the employer until its completion, was intended to cover different breaches of varying importance, is not conclusive that it was not based upon the theory of compensation, but was designed as a penalty.

4. Same—Mutuality.

A provision in a contract stipulating the damages for its breach is not void because available to one party only.

5. SAME.

A provision in a contract of employment for a term of three months, giving the employer the right to retain six days' pay till the completion of the contract, is a valid provision for liquidated damages in case of a breach by the employé, and not a provision for a penalty.

Case made from Bay; Shepard, J.   Submitted November 4, 1903.   (Docket No. 86.)   Decided March 23, 1904.

*Assumpsit* by Ira Wilson against John Godkin for work and labor.   There was a judgment for plaintiff, and defendant assigns error.   Reversed.

*John L. Stoddard*, for appellant.

*A. H. McMillan* (*F. W. Newton*, of counsel), for appellee.

MONTGOMERY, J.   The defendant was the owner of a sawmill at Milakokia, Schoolcraft county, and on the 23d of June, 1902, entered into a contract with plaintiff as follows:

"Memorandum of agreement, made this 23d day of June, 1902, between Ira Wilson, party of the first part, and John Godkin, of Bay City, Michigan, party of the second part:

"Said party of the first part, for and in consideration of a sum hereinafter mentioned, agrees to go to Milakokia, Schoolcraft county, Michigan, when directed by second party, and work for said second party for three months, more or less, or until said second party's logs are all sawed; to work in or around his sawmill and at loading lumber on boats, or at whatever said second party or his representative may direct him to do from time to time, and to do his work in a good and workmanlike manner. And in consideration of the faithful performance of the above, said second party agrees to pay said first party $2.12½ per day of 11 hours for the above-mentioned work in manner as follows:   On the 20th of each month to pay for all work performed except the price of six days' work and that paid for railroad fare, which shall be kept back by second party until the completion of this contract.

And said second party further agrees to pay first party's railroad fare back to Bay City or Saginaw when first party has completed his contract. And second party further agrees to board first party for $3.50 per week."

Plaintiff went to Milakokia in company with Mr. Dygart, defendant's foreman. On his arrival at the mill, he ascertained that there was no engineer, and Mr. Dygart put plaintiff to work as engineer. Plaintiff testified that he then said to Mr. Dygart that he could not work as engineer at $2.12½ per day, and that it was agreed between him and Dygart that he should have $3. Defendant subsequently came to Milakokia, and plaintiff and defendant agree that the subject of wages was discussed; plaintiff testifying that he told defendant that Dygart had promised him $3 per day, and that defendant replied that he could not pay but $2.50; that later it was agreed that he should stay for a time at $2.50. Defendant testifies that plaintiff told him that Dygart said he was going to refer the question of wages to him (defendant), and that Dygart told him the same thing, and that he (defendant) told plaintiff that he could " stop on " at $2.50. Plaintiff left without valid excuse, sued on the *quantum meruit* count, and at the trial recovered. Defendant brings error.

Numerous questions are discussed, but the whole case may be briefly stated. There is much discussion as to whether the plaintiff was bound, under the contract, to perform services as engineer. In our view, much of the difficulty on this subject is removed by the fact that the parties have themselves not only practically construed the contract as not including engineer's services, but have agreed upon a higher rate of wages, as they had the undoubted right to do. *Blagborne* v. *Hunger*, 101 Mich. 375 (59 N. W. 657); *Smith* v. *Railway Co.*, 56 Mich. 529 (23 N. W. 208); *Spicer* v. *Earl*, 41 Mich. 195 (1 N. W. 923, 32 Am. Rep. 152). But, if the question be treated as an open one, the charge of the circuit judge was sufficiently favorable to the defendant.

The main question, however, is whether the court erred

in charging that defendant had not the right to deduct the price of six days' work. The plaintiff's testimony tended to show that the contract was in no way modified, except as to the increase of wages for the substituted duty. The question presented, therefore, is whether this contract for the retention of six days' pay can be treated as providing for stipulated damages for the breach of the contract, and enforceable, or whether this provision is for a penalty. It is urged in support of the latter view that the retention of the wages was intended to cover different breaches of the contract, varying in importance, and that hence the presumption is that it was not intended as furnishing compensation. We do not think the conclusion necessarily follows from the premises. *Huntingdon* v. *Claflin*, 38 N. Y. 182.

It is also said that the contract was not mutual; but as to this we differ with counsel. We think the employment was for a definite period. 9 Cyc. 324.

It is also urged that, as both parties were not equally protected, the court will not enforce this provision. It is not, however, essential to the validity of such a provision that the damages resulting to either party shall be recovered in the same manner. One may stipulate the damages for his breach, while the other may rely upon general rules for his. *Preston* v. *Linen Co.,* 119 Mass. 400.

We think this contract should be construed as fixing a definite sum as liquidated damages, and valid for that purpose. *Preston* v. *Linen Co., supra; Tennessee Manfg. Co.* v. *James*, 91 Tenn. 154 (18 S. W. 262, 15 L. R. A. 211, 30 Am. St. Rep. 865); *Pierce* v. *Whittlesey*, 58 Conn. 104 (19 Atl. 513, 7 L. R. A. 286); *Richardson* v. *Woehler*, 26 Mich. 90; *Whiting* v. *Village of New Baltimore*, 127 Mich. 66 (86 N. W. 403); *Lamson* v. *City of Marshall*, 133 Mich. 250 (95 N. W. 78).

Judgment reversed, and new trial ordered.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.